## SWENSON, WARDEN *v.* STIDHAM

No. 71–224.   Argued October 11, 1972—Decided December 7, 1972

WHITE, J., delivered the opinion for a unanimous Court.

*Kenneth M. Romines,* Assistant Attorney General of Missouri, argued the cause for petitioner.   With him on the brief was *John C. Danforth,* Attorney General.

*Mark M. Hennelly,* by appointment of the Court, 405 U. S. 913, argued the cause and filed a brief for respondent.

MR. JUSTICE WHITE delivered the opinion of the Court.

This case has a long and tortured history and is not yet concluded. At this juncture the question is whether, absent further state court proceedings to determine the voluntariness of his confession, respondent's 1955 conviction for murder is vulnerable to attack under the Fourteenth Amendment as construed and applied in *Jackson* v. *Denno,* 378 U. S. 368 (1964).

In July 1955, respondent Stidham was convicted of first-degree murder of a fellow inmate during a riot. He was sentenced to life imprisonment. He was represented by experienced counsel who challenged his confession when it was offered at trial. A full evidentiary hearing outside the presence of the jury was held. Stidham's testimony as to the relevant circumstances surrounding his confession was in sharp conflict with that of the officers. His claim was that he had been subjected to gross physical abuse; the officers denied the claim. At the conclusion of the hearing, the trial judge admitted the confession with the following ruling:

> "THE COURT: [Exhibit] 16 and 16–1, it is the Court's opinion that the matters concerning the statement should be offered in the presence of the Jury, subject of course to any attacks as to its credibility by the Defendant. The Defendant has of course the right to proceed to challenge the voluntariness of the statement and confession, even before the Jury, but it is the Court's opinion that upon the evidence that has been offered before the Court and out-

side of the hearing of the Jury, . . . the statement is and should be admissible in evidence, subject to further examinations of the witnesses which might be conducted, so we may proceed with Sergeant Little, as to his identification before the Jury of the statement in question, Exhibit 16 and 16–1.

"MR. HENNELLY: In other words, the Court is overruling my Motion, and request of the Court to hold as a matter of law, that those statements were involuntary, is that right?

"THE COURT: That is right. Mr. Sheriff will you bring the Jury back in?"

Stidham's conviction was affirmed on appeal in *State v. Stidham,* 305 S. W. 2d 7 (Mo. 1957). A motion to vacate was denied and the denial affirmed, 403 S. W. 2d 616 (Mo. 1966). On a second motion to vacate, however, the Missouri Supreme Court ordered an evidentiary hearing in accordance with its newly revised post-conviction procedures. *State v. Stidham,* 415 S. W. 2d 297 (1967). Among the issues to be heard and decided was whether Stidham's conviction was infirm under *Jackson v. Denno* and the Due Process Clause of the Fourteenth Amendment.

In compliance with this order, an evidentiary hearing was held on December 5, 1968, before Judge Godfrey in the Circuit Court of the City of St. Louis. The court heard oral testimony from both Stidham and witnesses offered by the State; it also had before it the transcript of the prior proceedings as well as certain stipulations of fact by the parties. In April 1969, the court issued its opinion, with findings of fact and conclusions of law, denying the relief requested. With respect to the confession issue, the court first concluded that the judge himself at Stidham's trial had found the confession volun-

tary and had thus complied with the rule of *Jackson* v. *Denno*. As to voluntariness *vel non,* the court said:

"As to subparagraph b concerning the averment that 'the overwhelming evidence was that the statement was involuntary because of coercion exerted on movant,' this contention was raised and profusely litigated in State vs. Stidham, supra, and the Court finds it no longer open to question here. State vs. Statler, supra; Crawford vs. State, supra.

"It should be noted that the evidence concerning the issue of voluntariness was greatly conflicting and was to be resolved by the trial court in the first instance and the jury in the second having regard to the credibility of the witnesses. This issue should now be considered closed, and this Court finds it to be so."

This judgment was affirmed in the Missouri Supreme Court. *State* v. *Stidham,* 449 S. W. 2d 634 (1970). Agreeing first that the judge at Stidham's trial had with sufficient clarity found the confession voluntary and admissible in evidence, the court then held that in any event Stidham had been given a new evidentiary hearing and his confession again determined to be voluntary by the circuit court. In its view, the circuit court had "found, as had the previous court, that the oral and written confessions were voluntary . . . ." Based upon its own extensive analysis of the record, the Missouri Supreme Court also concluded that the finding of voluntariness was "overwhelmingly supported and procedurally and factually the cause meets all the requirements of the federal cases and there has been no invasion of due process." *Id.,* at 644.

Stidham then resorted to federal habeas corpus, presenting several issues including the confession matter.

The United States District Court for the Western District of Missouri, after having examined the full record of the state court proceedings, denied the petition without a hearing but with an opinion holding that there had been no violation of *Jackson* v. *Denno* because the state trial judge had satisfactorily found the confession voluntary prior to submitting it to the jury. 328 F. Supp. 1291 (1970).

The Court of Appeals reversed by a divided vote. 443 F. 2d 1327 (CA8 1971). Its understanding of Missouri law at the time of Stidham's trial was that the trial judge was not required to make a finding on voluntariness himself, but was permitted to submit the issue to the jury in the first instance. As the Court of Appeals saw it, this is precisely what the trial court did: the finding that the confession was not involuntary as a matter of law was not an independent assessment of voluntariness but merely a statement that the issue was one for the jury. Because in its view there had never been a reliable judicial determination of the facts and of the ultimate issue of voluntariness, either at trial or in later proceedings, the Court of Appeals reversed the judgment and remanded the case to the District Court, it being contemplated that the State would be allowed "reasonable time to make an error-free determination on the voluntariness of the confession at issue . . . ." *Sigler* v. *Parker,* 396 U. S. 482, 484 (1970). We granted certiorari, 404 U. S. 1058 (1972).

We are first asked to hold that the Court of Appeals erred in concluding that Stidham's trial judge failed to comply with the requirement of the Fourteenth Amendment as construed in *Jackson* v. *Denno* that there must be a judicial finding of voluntariness before a challenged confession is submitted to the jury. Petitioner's position is not without force, and begins with the proposition that the Court of Appeals was too much influenced by

what the trial judge might have done under the Missouri law prevailing at the time and too little by what he actually did. Even if the controlling rule permitted submission of a challenged confession to the jury without the judge's own determination of voluntariness, that rule, the argument goes, did not prevent him from resolving the disputed issues of fact prior to admitting the confession into evidence. Obviously, it is said, Stidham's trial judge took the latter course, for (1) he held a full evidentiary hearing outside the presence of the jury, a wholly unnecessary and time-wasting procedure if he was merely to determine if there was a disputed issue as to voluntariness that should be submitted to the jury and (2) having heard the evidence, he denied the motion to suppress and found the confession not involuntary as a matter of law, a conclusion necessarily indicating that the judge resolved the disputed issues against Stidham, for had he believed him rather than the police, it is inconceivable that the confession would have been submitted to the jury. Finally, it is urged that the Missouri courts and the Federal District Court construed the trial judge's ruling as equivalent to an affirmative finding that the confession was voluntary and that the Court of Appeals should have accepted this interpretation of the proceedings in the lower courts.

The issue, then, is not free from doubt, but it is evident that we need not decide it in this case, for the Court of Appeals erred in another respect that requires reversal of its judgment.

Even if the trial procedure was flawed with respect to the challenged confession, *Jackson* v. *Denno* does not entitle Stidham to a new trial if the State subsequently provided him an error-free judicial determination of the voluntariness of his confession—error-free in that the determination was procedurally adequate and substantively acceptable under the Due Process Clause. *Jackson* v.

*Denno,* 378 U. S., at 393–396. Here, the Missouri courts, in connection with Stidham's second motion to vacate his sentence, unquestionably furnished a procedurally adequate evidentiary hearing, and the outcome was adverse to Stidham. But it is said that the St. Louis Circuit Court considered itself bound by prior proceedings and never independently determined that Stidham's confession was voluntarily given. Reliance is placed on Judge Godfrey's statement that the evidence was conflicting, that the issue was for the trial court and jury and that "[the] issue should now be considered closed, and this Court finds it to be so."

This contention is in the teeth of the Missouri Supreme Court's prior order reopening the entire matter and directing the trial judge to hold a full evidentiary hearing and then "to decide all issues of fact and questions of law . . . ." 415 S. W. 2d, at 298. The Missouri Supreme Court later thought its mandate had been complied with and expressly read the Circuit Court as having "found, as had the previous court, that the oral and written confessions were voluntary . . . ." 449 S. W. 2d, at 644. What is more, the Supreme Court carefully reviewed the record, noting that "the testimony in contradiction of Stidham's uncorroborated claims was all but overwhelming," *id.,* at 641, and that the patrol, police and prison officers—"all these witnesses, all produced by the state, categorically or implicitly refuted all of Stidham's claims of mistreatment, either physical or mental." *Id.,* at 643–644. The court's conclusion was that the finding of voluntariness was "overwhelmingly supported" and that there had been no invasion of due process. *Id.,* at 644.

We are not inclined to disagree with the Missouri Supreme Court's interpretation of the Circuit Court's opinion and judgment. We also hold that as between the two courts the *Jackson* v. *Denno* error, if any, was sufficiently remedied.

This, of course, does not end the matter. A state prisoner is free to resort to federal habeas corpus with the claim that, contrary to a state court's judgment, his confession was involuntary and inadmissible as a matter of law. The Court of Appeals did not reach this issue. We are asked to decide the question here but it is not our function to deal with this issue in the first instance.

The judgment of the Court of Appeals for the Eighth Circuit is reversed and the cause is remanded for further proceedings consistent with this opinion.

*So ordered.*