No. 73–5201. Delle Rose *v.* LaVallee, Correctional Superintendent. C. A. 2d Cir. Certiorari denied.

Mr. Justice Marshall, with whom Mr. Justice Douglas and Mr. Justice Brennan join, dissenting.

By an earlier *per curiam* opinion in this case, this Court reversed the judgment of the Court of Appeals which had affirmed a District Court judgment granting Delle Rose's petition for a writ of habeas corpus. See *LaVallee* v. *Delle Rose,* 410 U. S. 690 (1973). In the view of a majority of the Court, the courts below erred in holding that the state courts had not made an "adequate" determination within the meaning of 28 U. S. C. § 2254 (d) that Delle Rose's confession was voluntary. Since an "adequate" state court determination had been made, the District Court was wrong in imposing on the State the burden of showing voluntariness by a preponderance of the evidence. Rather, under the terms of the presumption in § 2254 (d), the burden was on Delle Rose "to establish in the District Court by convincing evidence that the state court's determination was erroneous." 410 U. S., at 695. The Court therefore remanded the case "for further proceedings consistent with this opinion"—presumably referring to a redetermination by the District Court of the voluntariness issue under a corrected allocation of the burden of proof.

Upon receiving the mandate from this Court, however, the Court of Appeals did not remand the case to the District Court for such a redetermination. Instead, without explanation, it remanded with instructions to dismiss the petition. In my view, the Court of Appeals thereby not only misconstrued this Court's opinion, but also deprived petitioner of his constitutional and statutory right to attempt "to establish by convincing evidence

that the factual determination by the State court was erroneous." 28 U. S. C. § 2254 (d).

At the outset, it seems clear from a reading of the earlier *per curiam* decision that this Court never even addressed, let alone decided, the question of whether petitioner had satisfied his burden of proving erroneous the state court finding of voluntariness. Nor would it have been proper to have done so. Neither the District Court nor the Court of Appeals had yet confronted the question, having mistakenly placed the burden of proof on the State. As we have said in similar circumstances, "it is not our function to deal with this issue in the first instance." *Swenson* v. *Stidham,* 409 U. S. 224, 231 (1972).

This case would not be so troublesome but for the fact that the record indicates that the District Court might well find the confession involuntary, even were the burden of proof assigned to petitioner. Indeed, in granting the petition in the first place, the District Court remarked: "Far from satisfying the State's burden of showing voluntariness by a preponderance, the evidence preponderates heavily the other way." *United States ex rel. Delle Rose* v. *LaVallee,* 342 F. Supp. 567, 574 (SDNY 1972) (citation omitted). And certainly there is ample evidence in the record to support that factual finding. In the words of the District Court, this was

> "a case of a man of little education and poor understanding of the language; racked with physical pain and psychological distress; weakened by hunger and lack of sleep; questioned for long hours by teams of vigorous and increasingly hostile officers; not told of his rights to silence, counsel, etc., but given by tone and manner to understand that each questioner 'has a right to, and expects, an

answer'; shoved before television cameras after six hours or so of being moved about and assailed by his questioners in the police station; subjected to the coercion of a reenactment (including the forced placement of his hand into the seat back torn by the lethal pellets and wet with his late wife's blood) which he perceived with powerful reason as compulsory, hostile and ultimately damaging to his claims of innocence; then, finally, overpowered by the macabre—if, fortunately, rare—stunt of a visit to the morgue, with pious explanations thereafter . . . that serve only to highlight the quality of relentless manipulation." *Id.*, at 574–575 (footnotes omitted).

It may be that the Court of Appeals did not feel that petitioner had satisfied his burden of proof. But again, the question was not for that court in the first instance, but rather for the District Judge, to whose "sound discretion must be left in very large part the administration of federal habeas corpus." *Townsend* v. *Sain*, 372 U. S. 293, 313 (1963). Of course, any factual finding by the District Court would be subject to review by the Court of Appeals under the "clearly erroneous" standard of Fed. Rule Civ. Proc. 52 (a). In the first instance, however, the factual finding belongs to the trier of fact, the court which had an opportunity to hear petitioner's story and observe his demeanor, not a court of appeals.

By preventing the District Court from considering whether petitioner could prove by convincing evidence that the state court determination of voluntariness was erroneous, the Court of Appeals, now with this Court's acquiescence, in effect turned the presumption of correctness in § 2254 (d) into an irrebuttable presumption. In my view, such a result plainly foreclosed petitioner's constitutionally guaranteed opportunity to seek relief

on federal habeas corpus upon proving that his detention violates his fundamental rights. See *Townsend* v. *Sain, supra,* at 312. I would grant the writ of certiorari, reverse the judgment of the Court of Appeals, and remand the case to the District Court with instructions to reconsider, under the burden of proof set forth in this Court's earlier *per curiam* opinion, whether petitioner's confession was voluntary. I respectfully dissent.