Jeff MOBLEY ex rel. Andrew Jackson ROSS, Petitioner,

v.

Donald L. MEEK, Sheriff of Johnson County, Arkansas, Respondent.

No. FS–75–65–C.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

May 23, 1975.

Mobley & Smith, Russellville, Ark., Murphy, Carlisle & Taylor, Fayetteville, Ark., for petitioner.

Jim Guy Tucker, Atty. Gen., Little Rock, Ark., by Robert A. Newcomb, Asst. Atty. Gen., for respondent.

OPINION

PAUL X WILLIAMS, Chief Judge.

On May 5, 1975 a Petition in behalf of Andrew Jackson Ross was filed in this court under provisions of 28 U.S.C. § 2254 and a transcript of the proceedings in the Arkansas Courts (consisting of 2 volumes) was lodged with this court at the same time.

Based upon the instruments filed, this court issued a stay order and directions for a speedy trial.

On May 12, 1975 Respondents filed Answer and admitted that all State remedies had been exhausted and the Court set the matter for hearing at Fayetteville, Arkansas on May 15, 1975.

On May 15, 1975 Hearing on Merits was held at which oral evidence was presented. At the conclusion of all evidence, arguments were presented orally. At the conclusion of the arguments the Court took the matter under advisement and granted five (5) days for each side to simultaneously file written briefs.

On May 21, 1975 Petitioner filed an amended Petition, setting forth in writing grounds already orally argued.

Times for briefing having expired, the matter is ready for determination.

The facts which constitute the procedural background of this matter are not in dispute: Andrew Jackson Ross was convicted in the Circuit Court of Johnson County, Arkansas and sentenced to twenty-one (21) years in the Arkansas Department of Correction. He appealed to the Supreme Court of Arkansas which affirmed in a case reported at 257 Ark. 44, 514 S.W.2d 409. Application to the U. S. Supreme Court for certiorari was heard and denied by the United States Supreme Court. It is alleged and conceded that all State remedies are exhausted and Petitioner prays for relief under 28 U.S.C. § 2254.

28 U.S.C. § 2254 provides that a district court shall entertain an application for a writ of habeas corpus in behalf of a person in state custody *only* on the ground that he is in custody in *violation of the Constitution or laws or treaties of the United States.* (Emphasis added.)

Section (b) requires that state remedies be exhausted or circumstances shown that any further state proceedings are rendered ineffective. It is conceded by respondents that there are no additional effective remedies available to the Petitioner and the Court finds such to be true.

The Court further finds that requirements of Section (c) have been met and the questions Petitioner raises have each been finally adjudged against him by the Courts of the State of Arkansas.

Since there is a written opinion of the Arkansas Supreme Court, under 28 U.S. C. § 2254(d), each finding is presumed to be correct unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

1. That the merits of the factual dispute were not resolved in the State Court hearing;

(This Court finds that the merits of the factual dispute were resolved in the State Courts.)

2. That the fact finding procedure employed by the State Court was not adequate to afford a full and fair hearing;

(In this case the Court finds that the Arkansas Court fact finding procedure was adequate and did constitute a full and fair hearing.)

3. That the material facts were not adequately developed at the State Court hearing;

(Here the Court finds that the material facts were adequately developed at the State Court hearing.)

4. That the State Court lacked jurisdiction of the subject matter or over the person of the applicant;

(Here there is no question of jurisdiction either over the person or the subject matter.)

5. That the applicant was indigent and State Court failed to appoint counsel;

(Here the applicant has had and still has the services of very able attorneys and counsel who have been diligent in his behalf.)

6. That the applicant did not receive a full, far and adequate hearing;

(Here the applicant did receive a full, fair and adequate hearing.)

7. That the applicant was otherwise denied due process in the State proceeding;

(Here the applicant contends that he was deprived of due process, but the facts reveal no lack of due process. He was notified and made aware of his rights under the law. He was represented by able counsel.)

8. Or unless the record of the State Court proceeding or the proof adduced at the hearing reveals that the factual determination by the State Court is not fairly supported by the record.

■ Here the Court finds that the record reveals a complete presentation, good and adequate representation by counsel, a complete consideration by the State tribunals, a valid conviction by the Circuit Court, an affirmance by the Ar-

kansas Supreme Court and denial of certiorari by the United States Supreme Court.

Section (d) further provides that the burden of proof is on the Petitioner unless the fact is admitted or the Court under (8) above finds that the record as a whole does not fairly support the factual determination. Here the Petitioner has clearly failed to meet the burden of proof placed upon him by the Statute.

Sections (e) and (f) deal with the matter of presenting the truth to the Court regardless of his financial status or ability of Petitioner.

The Court finds that the transcript of the State Court proceedings is before the Court and clearly indicates that due process has been afforded Petitioner throughout all court proceedings.

■ The Court notes the *nunc pro tunc* amendment to the application. This was permitted because Petitioner's counsel urged in oral argument that letting a Justice of Peace serve as a Juror was error rising to the standard requiring *habeas corpus* relief under § 2254.

This proposition was directly presented to the Arkansas Supreme Court and passed on by that Court. Chief Justice Harris writing for a unanimous Court disposed of Petitioner's contention in the following language: 257 Ark. 44, 514 S.W.2d 409

"Finally, it is asserted that the trial court erred in refusing to declare a mistrial when the appellant discovered a member of the jury was a justice of the peace. Formerly, by statute (Ark.Stat.Ann. § 39–230 [Repl.1962]), a justice of the peace could be peremptorily challenged, but such statute was repealed by Section 30 of Act 568 of 1969. Of course, there was no statutory disqualification even to begin with, and the juror was not challenged on *voir dire;* nor is there any indication that his presence as a member of the jury prejudiced the rights of the appellant. Under these circumstances, there was no abuse of discretion in refusing to declare a mistrial."

Petitioner claims that a statement he gave to the Prosecutor should not have been introduced against him at his trial.

At the time Petitioner made the statement he was represented by Hon. Robert Hays Williams, a very able and experienced attorney. Mr. Williams testified in this court that he had reached a plea bargain agreement with the Prosecuting Attorney two or three weeks prior to the giving of the confession and that the Petitioner agreed to the terms of the plea bargain. Mr. Williams also testified that subsequent to the plea bargaining the Prosecutor asked if the Petitioner would make a statement concerning the crimes. After Mr. Williams advised the Petitioner that he did not have to make the statement and of his privilege against self-incrimination the Petitioner agreed to make a statement.

The record discloses that the statement was made in the office of Mr. Williams, his then attorney, (privately employed) with him present to advise the Petitioner.

Billy J. Baker of the Arkansas State Police testified that prior to the Petitioner giving his statement on October 6, 1972, he read the standard Miranda warnings to the Petitioner.

On page 570 of the state court transcript the following answers were given by the Petitioner while under oath at the time of making his confession:

Q. Have I promised you anything for this statement?

A. No, sir.

Q. Has anyone told you that anything has been promised in return for you making this statement?

A. Absolutely not.

Q. This is a free and voluntary statement?

A. Right.

Q. You haven't been coerced into making it?

A. No, sir.

Q. And you haven't been promised anything by anybody in return for making it?

A. That's right.

  \* \* \* \* \* \*

In Hughes v. Swenson, 452 F.2d 866–68 (8th Cir. 1971) in reviewing the question of whether a confession was properly admitted in a state trial the court stated the test at the time of trial is: "has the prosecution sustained its heavy burden of demonstrating that the defendant was effectively advised of his rights, and did he knowingly and understandingly decline to exercise them?"

The record discloses that no illegal act on the part of the state induced the Petitioner to give his confession. The Petitioner himself while under oath stated that the confession was given of his own free will. (Tr. 570) The confession was given with counsel present and after having been given the required Miranda warning.

■ The Petitioner has not produced any evidence to show that the statement was not voluntarily given after having been properly advised of his right against self-incrimination and freely declining to exercise it.

The Petitioner's confession was found by the trial court to have been freely and voluntarily given pursuant to a *Denno* hearing and written findings therefrom as well as by the Arkansas Supreme Court in appellate review. These findings were made on the basis of the totality of the circumstances. Boulden v. Holman 394 U.S. 478, 89 S.Ct. 1138, 22 L.Ed.2d 433 (1969); Davis v. North Carolina, 384 U.S. 907, 86 S.Ct. 1344, 16 L.Ed.2d 360 (1966); Harris v. State, 244 Ark. 314, 425 S.W.2d 293 (1968). In the *Denno* hearing, Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964), and as required by statute, Ark.Stat.Ann. § 43–2105 (Supp.1973) the trial court found from a preponderance of the evidence that there were neither promises of leniency nor any manner of coercion that vitiated the voluntariness of the confession.

■ Petitioner, however, construed the confession as violative of his Fifth Amendment Right under the United States Constitution not to be a witness against himself, i. e. the right against self-incrimination. This right, however, is subject to being waived under ". . . procedural safeguards effective to secure the privilege against self-incrimination," and ". . . to insure that the statements were truly the product of free choice." Miranda v. Arizona, 384 U.S. 436, 444, 457, 86 S.Ct. 1602, 1619, 16 L.Ed.2d 694 (1966). There is no question that Petitioner was appraised of these required Miranda warnings.

This case would likely have been disposed of at the hearing before trial Judge Enfield except for the precautions he took to insure that all of the defendant's rights were scrupulously protected. When it was suggested that Mr. Ross suffered from a lack of mental capacity, Judge Enfield properly committed Mr. Ross to the State Hospital for examination and evaluation.

At the trial the jury considered the defense based on lack of mental capacity and the Arkansas Supreme Court discussed that defense and after consideration ruled against Mr. Ross.

■ Petitioner's attorneys now urge that § 2254 relief should be available because Hon. Robert Hays Williams said that had he known how it was going to turn out he would not have permitted his client to make a statement. Conceding the wise after view of such able and distinguished counsel the answer is that we cannot try cases on what attorneys would have done "IF"—we must accept the facts as established and try to reach a just result based on the record. Here, the Petitioner, after proper warnings, did make a statement and it was properly placed in evidence. The truth is that "if" Petitioner had followed the advice of Mr. Williams and the trial court had gone along with the plea bargain, Peti-

tioner would now have his sentence practically served. But again we are not dealing with the "ifs". We have only the facts.

Petitioner has been afforded due process at all stages of his trial and this Court finds that he has proved no violation of any rights he has under the constitution and laws and treaties of the United States.

The stay order of this Court should be dismissed, the Petition of Mr. Ross in this Court should be dismissed and the State Authorities notified of the action of this Court.