Jeff MOBLEY ex rel. Andrew Jackson ROSS, Appellant,

v.

Donald L. MEEK, Sheriff of Johnson County, Arkansas, Appellee.

No. 75–1611.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1976.

Decided March 16, 1976.

Rehearing Denied April 6, 1976.

Mobley & Smith, Russellville, Ark., and Murphy, Carlisle & Taylor, Fayetteville, Ark., for appellant.

Jim Guy Tucker, Atty. Gen., and Robert A. Newcomb, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before LAY, HEANEY and STEPHEN-SON, Circuit Judges.

STEPHENSON, Circuit Judge.

This appeal from a denial of habeas corpus relief by the district court [1] presents the question of whether a statement and confession made by appellant in connection with a plea bargain in a state criminal action was improperly admitted in appel-

---

1. The Honorable Paul X Williams, Chief Judge, Western District of Arkansas. Opinion reported at 394 F.Supp. 1219 (W.D.Ark.1975).

lant's trial in violation of his Fifth Amendment privilege against self-incrimination. We hold that the statement was involuntary under applicable federal standards and therefore reverse. The facts are largely undisputed.

Appellant was convicted by a jury of embezzling public funds and sentenced to custody for 21 years. His conviction was affirmed by the Supreme Court of Arkansas. 514 S.W.2d 409 (Ark.1974).

During the state's case in chief the state offered in evidence a detailed confession made by appellant after a plea bargain had been agreed upon by the state prosecuting attorney and appellant's then retained counsel, Robert Williams, after several conferences. The essence of the plea bargain was that upon a plea of guilty the state would recommend a 15-year sentence with 10 years suspended.

The state record discloses that at the time appellant appeared in court for the purpose of changing his plea from not guilty to guilty, his secretary interrupted the proceedings by volunteering that in her opinion appellant was too ill to be aware of the consequences of his action. She also produced a letter from a doctor concerning appellant's condition. After further inquiry the court decided not to proceed and made arrangements for a later hearing with respect to appellant's mental competency.

Subsequently appellant was found competent to stand trial. He proceeded to trial with other retained counsel and raised the defense of insanity at the time of the commission of the alleged offenses of embezzlement. During the prosecution's case in chief the disputed confession was offered in evidence. After conducting a *Jackson v. Denno* hearing, the state trial court found the statement made by appellant was voluntary and admitted the same. After the Arkansas Supreme Court affirmed, certiorari was sought and denied by the United States Supreme Court. The petition for habeas corpus was then filed in district court, and the court conducted a hearing which included the taking of the testimony of appellant's former counsel, Robert Williams. The district court found that appellant was given the appropriate *Miranda* warnings and found that appellant "has proved no violation of any rights he has under the constitution and laws * * * of the United States." 394 F.Supp. at 1223.

The appellant's principal contention is that he was induced to make the statement (confession) as a result of a plea bargain made by his then counsel of record. He urges that the fact that at a subsequent hearing he failed to withdraw his plea of not guilty and exercised his right to stand trial "completely obliterates the voluntariness of the confession and thereby makes it inadmissible at the subsequent trial." Appellee, on the other hand, contends that appellant's own words which appeared in the confession given under oath acknowledge that he had not been promised anything by anyone for making the statement and that the same was a free and voluntary statement. The appearance of these words in the confession is not disputed. But that is not the end of the problem.

It is undisputed that a plea bargain had been made by counsel and that appellant, after being fully apprised of the terms thereof, agreed to enter a plea of guilty. Thereafter the prosecution requested through appellant's attorney that appellant give a statement as to what actually occurred and how he took the money and used it.[2] The confession was given by appellant in the presence of his counsel and other witnesses.

Appellant's counsel, Williams, testified at both the state *Jackson v. Denno* hearing

2. Excerpt of the testimony before the federal district court by appellant's attorney, Williams, is as follows:

Q. Did the prosecuting attorney insist on this statement?
A. If you are using the word "insist" in just its common context, yes. He told me several times that he wanted this statement. He insisted to me. If you are talking about a more technical way of thinking about the word "insist" that he refused to go ahead unless it was given, no.

and in the federal district court hearing that he would not have advised appellant to make a statement or give a confession if there had not been a plea bargain agreement. It was the view of the Arkansas court and the district court that counsel's hindsight did not affect the voluntariness of the confession. *See* 514 S.W.2d at 411; 394 F.Supp. at 1222. We are not so persuaded.

Conceding arguendo that the confession was not an express precondition of the plea bargain, it nevertheless was made in connection with an offer to plead guilty and after a bargain had been agreed upon. It is obvious that no such confession would have been made at the request of the prosecution but for the plea bargain. It became a part and parcel thereof.

In a recent case we recognized the importance of confidentiality in plea bargaining.

> Plea bargaining has been recognized as an essential component of the administration of justice. "Properly administered, it is to be encouraged." *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). If such a policy is to be fostered, it is essential that plea negotiations remain confidential to the parties if they are unsuccessful. Meaningful dialogue between the parties would, as a practical matter, be impossible if either party had to assume the risk that plea offers would be admissible in evidence.

*United States v. Verdoorn*, 528 F.2d 103 at 107 (8th Cir. 1975).

Further, plea bargaining and the inadmissibility of offers of pleas and related statements have been sanctioned by recent amendments to the Federal Rules of Criminal Procedure. Fed.R.Crim.P. 11(e)(6) (effective August 1, 1975) provides:

> *Inadmissibility of Pleas, Offers of Pleas, and Related Statements.* Except as otherwise provided in this paragraph, evidence of a plea of guilty, later withdrawn, or a plea of nolo contendere, or of an offer to plead guilty or nolo contendere to the crime charged or any other crime, or of statements made in connec-

tion with, and relevant to, any of the foregoing pleas or offers, is not admissible in any civil or criminal proceeding against the person who made the plea or offer. However, evidence of a statement made in connection with, and relevant to, a plea of guilty, later withdrawn, a plea of nolo contendere, or an offer to plead guilty or nolo contendere to the crime charged or any other crime, is admissible in a criminal proceeding for perjury or false statement if the statement was made by the defendant under oath, on the record, and in the presence of counsel.

■ The Federal Rules of Criminal Procedure, of course, are not binding on the states.[3] The issue here is the voluntariness of appellant's confession under federal standards. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1963); *Bram v. United States*, 168 U.S. 532, 542, 18 S.Ct. 183, 42 L.Ed. 568 (1897); *Hunter v. Swenson*, 442 F.2d 625, 630 (8th Cir. 1971).

> Under this test, the constitutional inquiry is not whether the conduct of state officers in obtaining the confession was shocking, but whether the confession was "free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, nor obtained by any *direct or implied promises, however slight*, nor by the exertion of any improper influence. . . ."

*Malloy v. Hogan, supra*, 378 U.S. at 7, 84 S.Ct. at 1493, 12 L.Ed.2d at 659 (emphasis added).

■ Similarly, "evidence of guilt induced from a person under a governmental promise of immunity" must be excluded under the self-incrimination clause. *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 347, 83 S.Ct. 448, 453, 9 L.Ed.2d 357 (1963). The issue of voluntariness "necessarily turns on the 'totality of the circumstances'." *Boulden v. Holman*, 394 U.S. 478, 480, 89 S.Ct. 1138, 1140, 22 L.Ed.2d 433, 437 (1969). *See also Haynes v. State of Washington*, 373 U.S. 503, 512, 83 S.Ct. 1336, 1342, 10 L.Ed.2d 513, 520 (1963).

---

**3.** *See* ABA Standards Relating to Pleas of Guilty §§ 2.2, 3.4 (Approved Draft 1968).

We recognize that the state court's findings are entitled to a presumption of correctness with the burden on appellant to establish by convincing evidence that the factual determination by the state court was erroneous. *LaVallee v. Delle Rose*, 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); 28 U.S.C. § 2254. The district court having held a hearing, its findings must prevail unless found to be clearly erroneous. Fed.R.Civ.P. 52. We must determine whether appellant's confession "was involuntary and inadmissible as a matter of law." *Swenson v. Stidham*, 409 U.S. 224, 231, 93 S.Ct. 359, 363, 34 L.Ed.2d 431, 437 (1972). There is little dispute as to the basic facts. Our concern is with the failure of the state and district courts to recognize that the confession was given as a result of the plea bargain and was therefore involuntary under all the circumstances. It is our conclusion that, since the plea bargain was not executed, the confession was involuntary and inadmissible. *Cf. Hunter v. Swenson*, 504 F.2d 1104 (8th Cir. 1974).

The judgment of the district court denying the petition for writ of habeas corpus is vacated and this cause is remanded for entry of orders consistent with this opinion. The state should be allowed a reasonable time in which to retry appellant if it desires to do so.