**Larry HERNANDEZ, Appellant (Defendant below),**

v.

**STATE of Wyoming, Appellee (Plaintiff below).**

No. 4842.

Supreme Court of Wyoming.

April 18, 1978.

---

Wyatt R. Skaggs, Director, Natrona County Public Defender, Casper, for appellant.

V. Frank Mendicino, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen. and Allen C. Johnson, Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

PER CURIAM.

During the trial of this cause the trial court received the testimony of Officer Hedstrom, who repeated an admission made by appellant that the marijuana and "stuff" on the dressing table was his, this statement being made at the time of the arrest.

Prior to the admission of this statement, appellant's counsel objected and requested that the court have a hearing in camera for the purpose of determining whether this statement had been voluntarily made or whether defendant had voluntarily waived his rights; and even called certain Wyoming authorities to the court's attention. The trial court proceeded without a separate hearing, and the statement was received in evidence. The State suggests that this was not prejudicial error and that the statement was not of such character as to require a voluntariness hearing. With these contentions we do not agree, and it appears necessary, because of its supervisory responsibility, that the court consider this matter.

This court has made clear that the rule in this jurisdiction requires "a separate hearing, out of the presence of the jury, to determine the legality and voluntariness of the defendant's statements and confessions," *Raigosa v. State*, Wyo., 562 P.2d 1009, 1014; *Dodge v. State*, Wyo., 562 P.2d 303, 308; *Lonquest v. State*, Wyo., 495 P.2d 575, certiorari denied 409 U.S. 1006, 93 S.Ct. 432, 34 L.Ed.2d 299; and this has been referred to as an "accepted practice" in *Richmond v. State*, Wyo., 554 P.2d 1217, 1225. In face of these pronouncements, we cannot ignore the failure to comply therewith. It may also be observed that adherence to this rule can prevent possible prejudicial error and avoid possible mistrials.

Appellant, with commendable ethical fairness, has conceded that this court has two alternatives in this particular, i. e., reversal or a remand for a full evidentiary hearing to determine this matter. This can be done without the necessity of the grant of a new trial, *Swenson v. Stidham*, 409 U.S. 224, 93 S.Ct. 359, 362, 34 L.Ed.2d 431, modified in other respects 410 U.S. 904, 93 S.Ct. 955, 35 L.Ed.2d 266.

To avoid a piecemeal disposal of this matter, this court retains jurisdiction of this appeal to make final disposal hereof, but this matter is hereby remanded to the district court with instructions to hold a full evidentiary hearing immediately to determine whether such statement was voluntarily made and is properly receivable in evidence; and the judge shall make findings of fact and conclusions of law which demonstrate the basis for the reception or rejection of this evidence. These findings and conclusions shall then be returned to this court, along with the record, for final disposal.

Remanded with instructions.