The **PEOPLE of the State of Colorado**, Plaintiff-Appellee,

v.

**William ROBINSON**, **Defendant-Appellant.**

No. 83CA0997.

Colorado Court of Appeals, Div. II.

Sept. 12, 1985.

Rehearing Denied Oct. 3, 1985.

Certiorari Denied (Robinson) Feb. 24, 1986.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., David R. Little, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, State Public Defender, Karen A. Chaney, Matthew L. Goldsmith, Deputy State Public Defenders, Denver, for defendant-appellant.

BABCOCK, Judge.

Defendant, William Robinson, appeals from the judgment of conviction entered upon jury verdicts finding him guilty of second degree sexual assault and sexual assault on a child. He also appeals the trial court's denial of his application for probation. We affirm in part and dismiss in part.

In March 1982, defendant's ten-year-old stepdaughter informed her mother that defendant was teaching her "nasty things." When confronted by his wife, defendant denied the allegations. In May 1982, the victim told her third grade teacher that defendant "had been fooling around with her, doing nasty things." The teacher reported this allegation to the authorities.

During the ensuing investigation, defendant agreed to take a polygraph examination. The examiner testified that at the conclusion of the interview they talked for a while longer "and then I reached a point in the interview I told Mr. Robinson that I did not believe him and I didn't think he was telling the truth, and I asked if he was sorry for what he had done with Cindy." He responded, " '[Y]es' that he was sorry."

Defendant moved to suppress this statement. Following an in camera hearing, the trial court denied the motion.

### I.

### A.

Defendant first contends that the trial court erred in determining his statement to be voluntary under the totality of the circumstances. We disagree.

A defendant's statement is admissible only if voluntary. *People v. Freeman*, 668 P.2d 1371 (Colo.1983). When an issue is raised as to the voluntariness of a statement the burden is on the prosecution to establish, by a preponderance of the evidence, that under the totality of the circumstances the defendant made the statement voluntarily. *People v. Connelly*, 702 P.2d 722 (Colo.1985); *People v. Raffaelli*, 647 P.2d 230 (Colo.1982). The ultimate test of voluntariness is whether the statement was the product of a rational intellect and a free will. *People v. Connelly, supra*. The trial court's findings on the voluntariness of a statement will be upheld on review if supported by adequate evidence in the record. *People v. Fish*, 660 P.2d 505 (Colo.1983).

Here, the trial court found that defendant had received an adequate Miranda advisement before the interview and had chosen to proceed with the examination. The trial court also found that when defendant appeared on an earlier occasion for the examination he indicated that he was uncomfortable with the procedure, and was allowed to leave. He then returned at a later date and told the examiner that he was ready to proceed. The trial court found nothing in the atmosphere of the examination or in the conduct of the examiner which was offensive or coercive and found that no promises were made to induce defendant's statement. Finally, the trial court found that defendant's statement was not rendered involuntary by the mere fact that the examiner told him that he did not believe him. *See Wyrick v. Fields*, 459 U.S. 42, 103 S.Ct. 394, 74 L.Ed.2d 214 (1982). These findings are supported by ample evidence in the record. *See People v. Fish, supra.* Hence, the trial court did not err in concluding that, under the totality of the circumstances, defendant's statement was voluntary. *See People v. Bookman*, 646 P.2d 924 (Colo.1982); *Wyrick v. Fields, supra.*

### B.

Defendant next asserts that the trial court erred in refusing to suppress his statement under CRE 403. He argues that the probative value of the statement was substantially outweighed by resulting unfair prejudice because: (1) The trial court ordered the parties to refer to the polygraph examination as an "interview," and thus, on cross-examination defendant was unable adequately to explain that the statement had followed a polygraph examination; and (2) the statement was ambiguous. Again, we disagree.

Under CRE 403, relevant evidence must be excluded only "if its probative value is substantially outweighed by the danger of unfair prejudice." By necessity, application of this test is committed to the discretion of the trial court. *People v. Rubanowitz*, 688 P.2d 231 (Colo.1984). Ab-

sent an abuse of discretion, the trial court's ruling will not be disturbed on appeal. *People v. Abbott*, 638 P.2d 781 (Colo.1981). When reviewing the exercise of discretion on a relevancy question, we must "assume the maximum probative value that a reasonable fact finder might give the evidence and the minimum unfair prejudice to be reasonably expected." *People v. Lowe*, 660 P.2d 1261 (Colo.1983).

The probative value of defendant's statement is apparent because it relates to the ultimate issue in the case. *See* CRE 401. In contrast, its prejudicial impact is minimal because the trial court permitted the parties to develop fully the context of the statement by referring to the polygraph examination as an "interview." This functional description permitted the parties to inquire about all aspects of defendant's contact with the examiner while removing the potential prejudice associated with the fact that defendant had taken and failed a polygraph examination and without violation of the rule that the results of a polygraph examination are per se inadmissible in a criminal trial. *See People v. Anderson*, 637 P.2d 354 (Colo.1981). Moreover, the record reflects a vigorous cross-examination of the examiner concerning the ambiguity of the statement made in response to a "trick" question, the examiner's expertise in interrogation, defendant's denials of wrong doing, and the examiner's statement to defendant that he did not believe him. Consequently, we find no abuse of discretion.

Defendant's reliance on *People v. Lindsey*, 660 P.2d 502 (Colo.1983) is misplaced. There, the Supreme Court expressed no opinion about whether the trial court was correct in ruling that the probative value of statements made under the circumstances of that case was substantially outweighed by the unfair prejudice which would result from defense counsel's claimed inability to cross-examine the polygraph examiner.

### C.

Defendant also contends that the trial court committed plain error when it failed

sua sponte to instruct the jury on the voluntariness of his statement. We find no plain error.

■ The trial court must first determine whether a defendant's statement is voluntary before it may admit the statement into evidence. *Bruner v. People,* 113 Colo. 194, 156 P.2d 111 (1945). When placed in issue by a defendant, the voluntariness of a statement is ultimately for the jury to determine on proper instruction. *Baker v. People,* 168 Colo. 11, 449 P.2d 815 (1969); *see People v. Shearer,* 181 Colo. 237, 508 P.2d 1249 (1973); *People v. Deeds,* 712 P.2d 1055 (Colo.App.1985); *see also COLJI–Crim.* No. 4:04 (1983) (Notes on Use).

■ Where the voluntariness of a defendant's statement is in issue, it is error for the trial court to fail to instruct the jury on the weight which the jury should give to a defendant's statement. *See People v. Shearer, supra.* However, failure to instruct the jury on the statement is not fundamental error which would provide a basis for collateral attack in a post-conviction proceeding. *People v. Shearer, supra.*

■ In this case, defendant did not object to the instructions given, did not tender an instruction on the voluntariness of his statement, and did not raise the failure to give this instruction as error in his motion for new trial. Thus, his contention of error must be considered only if it is plain error. *People v. Rubanowitz, supra;* Crim.P. 52(b). In order to establish plain error, defendant must demonstrate not only that the instruction affected a substantial right, but also that the record reveals a reasonable possibility that the error contributed to his conviction. *People v. Rubanowitz, supra.*

■ The People fully explored the circumstances surrounding defendant's interview on direct examination of the examiner. On cross-examination, defense counsel established the examiner's special interviewing expertise, reaffirmed defendant's consistent and emphatic denials of any wrong doing, and pointed out the "trick"

nature of the question which prompted defendant's statement. The victim's testimony in support of the charge was corroborated by other evidence. Moreover, the trial court instructed the jury generally concerning their determination of the credibility of witnesses. In light of this record, we conclude that the failure to instruct the jury on the voluntariness of defendant's statement does not constitute plain error. *See People v. Shearer, supra; see also People v. Rubanowitz, supra.*

## II.

Defendant has also raised as error the trial court's denial of probation. We dismiss his appeal as to this issue.

The denial of probation is not subject to appellate review. Section 16–11–101, C.R.S. (1978 Repl.Vol. 8). Thus, we may not review the denial of defendant's probation, and this facet of his appeal must be dismissed. *See People v. Godwin,* 679 P.2d 1095 (Colo.App.1983).

The judgment of conviction is affirmed and defendant's appeal of the denial of probation is dismissed.

KELLY and METZGER, JJ., concur.