McKAY, Chief Judge.
 

 On January 13, 1987, petitioner pled guilty in the district court of Santa Fe County to one count of practicing medicine without a license, and two counts of fraud in excess of $2,500. The plea was entered on the scheduled trial date, one day after the trial court conducted an evidentiary hearing and adjudged petitioner competent. Following several unsuccessful attempts to withdraw her plea in the state courts, petitioner filed the instant petition pursuant to 28 U.S.C. § 2254, seeking to have the plea set aside due to (1) her mental incompetency at the time it was entered, and (2) ineffective assistance of counsel, particularly her attorneys’ inadequate investigation and trial preparation, which combined with and exacerbated petitioner’s weakened mental state to produce an involuntary guilty plea.
 

 After appointing counsel and holding an evidentiary hearing, the magistrate judge recommended dismissal of the petition. Notwithstanding the substantial evidentia-ry record developed in federal court, the magistrate judge relied on the presumption of correctness in § 2254(d) to approve the state court determination of competency. He deemed the cited omissions of defense counsel to be constitutionally permissible trial strategy. The district court summarily adopted the recommendation of the magistrate judge, and this appeal followed.
 
 [1]
 
 For the reasons discussed below, we hold the district court erred in relying on the § 2254(d) presumption to approve the state
 
 *1197
 
 competency finding. At this juncture, we need not, and therefore do not,, reach the ineffective assistance of counsel issue.
 

 Competency is a question of fact subject to the rebuttable presumption of correctness established in § 2254.
 
 See Lafferty v. Cook,
 
 949 F.2d 1546, 1549 (10th Cir.1991),
 
 cert. denied,
 
 — U.S. —, 112 S.Ct. 1942, 118 L.Ed.2d 548 (1992);
 
 see, e.g., Coleman v. Saffle,
 
 912 F.2d 1217, 1227 (10th Cir.),
 
 cert. denied,
 
 497 U.S. 1053, 111 S.Ct. 22, 111 L.Ed.2d 834 (1990). Petitioner argues, however, that application of the presumption is improper here because material evidence was not adequately developed in the state courts.
 
 See
 
 § 2254(d)(3);
 
 see, e.g., Valenzuela v. Griffin,
 
 654 F.2d 707, 711 (10th Cir.1981). To resolve the matter, we must determine whether the evidence in question was (1) material to petitioner’s competency, and (2) inadequately developed in state court for reasons not attributable to petitioner’s inexcusable neglect.
 
 See Smith v. Freeman,
 
 892 F.2d 331, 338-41 (3d Cir.1989) (following
 
 Townsend v. Sain,
 
 372 U.S. 293, 313, 317, 83 S.Ct. 745, 757, 759, 9 L.Ed.2d 770 (1963));
 
 Thomas v. Zant,
 
 697 F.2d 977, 980-81 (11th Cir.1983) (same).
 

 The only witness to testify at the state competency hearing was Dr. Jeffrey Collins, a psychiatrist who treated petitioner during the month leading up to the trial setting. Doctor Collins first examined petitioner on December 16, 1986, found her suffering from major depression, and prescribed anti-depression and anti-anxiety medication. On January 10, 1987, at counsel’s request, he saw petitioner specifically to evaluate her competency for the approaching legal proceedings. In the morning session of the competency hearing two days later, Dr. Collins testified that in light of petitioner’s severe depression, she was not competent to assist counsel in the proceedings. He did, however, agree to reconsider his opinion once clinical psychologist Dr. Richard Fink finished scoring petitioner’s Minnesota Multiphasic Personality Inventory (MM'Pl). Following the morning hearing, the prosecution and defense agreed upon terms for a plea bargain. Later in the afternoon, the competency hearing was completed by telephone. Doctor Collins, informed the court that he had received petitioner’s MMPI results, which indicated no severe interference with petitioner’s cognitive functioning. A Rorshach test corroborated the MMPI. On this basis, Dr. Collins opined that petitioner was able to understand the nature and significance of the proceedings. The trial court concluded that Dr. Collins’ testimony was sufficient to establish petitioner’s competency and that there was no need for the state to come forward with any evidence of its own on the question.
 

 The next day, petitioner pled guilty in accord with the plea bargain reached by counsel. Because of the simple, yes-or-no character of the few questions put to petitioner, the tape of the plea hearing is not very informative regarding her competency or state of mind.
 

 Soon after entering her plea, petitioner sought her attorneys’ assistance in withdrawing it. Counsel, however, opposed such a move prior to imposition of sentence, and asked the trial court not to consider any materials petitioner might submit pro se. While this request was honored, petitioner eventually was permitted a brief opportunity to ask, on her own behalf without the concurrence of. counsel, for leave to withdraw her plea during the initial hearing on sentencing' held February 27, 1987. Petitioner told the court that- Dr. Collins, then present, would testify in her support. The trial court stated that there would be no need to hear from Dr. Collins, and denied petitioner’s request from the bench. The sentencing hearing, begun on February 27, was continued on March 6, and then set to conclude May 4.
 

 In the meantime, petitioner obtained an affidavit from Dr. Collins recounting the critical facts underlying her challenge to the plea, which he had not been able to relate at the sentencing hearing. In the affidavit, Dr. Collins recites his original, clinical diagnosis of incompetency, with which he says Dr. Fink concurred, as well as his reversal of that opinion based on the objective MMPI findings; However, he
 
 *1198
 
 then states he has since learned the unmonitored MMPI test was not completed by petitioner and was therefore invalid, and restates, unequivocally, his original opinion that petitioner was not competent at the time she entered her plea. He also refers, to a second evaluation of petitioner under controlled circumstances at the University of New Mexico Mental Health Clinic two days after her plea, which he concludes was consistent with his original diagnosis.
 

 Because Dr. Collins’ MMPI-derived opinion provided the evidentiary basis for the trial court’s determination of competency, and the matters recited above not only undermine that opinion but reinstate its antithesis, petitioner satisfies the materiality requirement of § 2254(d)(3).
 
 See, e.g., Hays v. Murphy,
 
 663 F.2d 1004, 1007-08 n. 4 (10th Cir.1981);
 
 Smith v. Freeman,
 
 892 F.2d at 339;
 
 Suggs v. LaVallee,
 
 570 F.2d 1092, 1115 (2d Cir.),
 
 cert. denied,
 
 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978). Our inquiry consequently narrows to the questions of inadequate development by the state courts and petitioner’s culpability, if any, therefor.
 

 Although petitioner filed a pro se “Motion in Support of Withdrawal of Plea,” with Dr. Collins’ affidavit attached, on March 17, 1987,
 
 see
 
 Record Vol. II, part 2 at 166, six weeks before judgment was entered at the close of the sentencing hearing on May 4, the trial court never ruled on or addressed that motion or Dr. Collins’ affidavit. The issue-was also raised, with' the affidavit cited in support, by counsel on petitioner’s direct appeal, but the New Mexico Court of Appeals refused to consider it, stating that “the matter appears not to have been preserved for review” because it was not “apparent that a ruling of the trial court was fairly invoked by the defendant” — without any reference whatsoever to the written motion filed by petitioner. Record Vol. II, part 4 at 702-03. Indeed, the court’s opinion indicates a misconception that Dr. Collins’ affidavit simply had been filed, by itself, two days after the February 27 hearing.
 
 See id.
 
 Subsequent, post-conviction attempts to pursue the matter were summarily rejected in light of the earlier determinations of the trial and appellate courts, with no acknowledgment, much less resolution, of the serious factual issue raised by petitioner’s new evidence.
 
 [2]
 

 See
 
 Record Vol. II, part 4 at 789, 870.
 

 In light of these circumstances, we hold that material facts underlying petitioner’s challenge to her plea were not adequately developed and considered in the state courts, and this omission may not fairly be attributed to inexcusable neglect on petitioner’s part. Under the cited authorities construing § 2254(d)(3), the district court improperly presumed the fact of petitioner’s competency, and its resolution of the petition cannot stand on its stated rationale.
 

 We therefore remand for redetermination of the factual issue of competency on the basis of the evidentiary record — as thus far developed, or, if the district court deems it appropriate, after submission of additional evidence — without reliance on the § 2254(d) presumption. The dispositive question is whether petitioner has established the invalidity of her plea by a preponderance of the evidence.
 
 See Smith,
 
 892 F.2d at 341;
 
 see also Walker v. Johnston,
 
 312 U.S. 275, 286, 61 S.Ct. 574, 579, 85 L.Ed. 830 (1941). By following this course, we preserve the district court’s primary role in the factfinding process, subject to appellate review under the clearly erroneous standard.
 
 See Osborn v. Shillinger,
 
 861 F.2d 612, 626 (10th Cir.1988);
 
 see, e.g., Delle Rose v. LaVallee,
 
 414 U.S. 1014, 1016, 94 S.Ct. 380, 381, 38 L.Ed.2d 251 (1973) (dissent from denial of certiorari).
 

 
 *1199
 
 Given the analytical focus of this opinion, it has been necessary to devote our attention to the undeveloped, material facts pertinent to the exception set out in § 2254(d)(3). The resultant concentration on the substantial evidence favorable to petitioner should not be construed as indicative of any tacit opinion on the merits of the factual issue with which the district court must grapple on remand. To redress the imbalance in our exposition, we consider it appropriate to conclude by acknowledging the prudential principle that federal habeas courts reviewing state competency determinations “must be careful to give due regard to the trial court’s superior ability to draw the appropriate inferences from its observation of the defendant and expert witnesses.”
 
 Ray v. Duckworth,
 
 881 F.2d 512, 516 (7th Cir.1989).
 

 Petitioner’s application for a certificate of probable cause is GRANTED, the judgment of the United States District Court for the District of New Mexico is VACATED, and the cause is REMANDED for further proceedings consistent with this opinion.
 

 2
 

 [1]
 

 . After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.
 
 See
 
 Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 

 [2]
 

 . Other, lay affidavits were also submitted by petitioner, which supported Dr. Collins’ diagnosis and petitioner's account of events before and after her plea.
 
 See, e.g.,
 
 Record Vol. II, part 2 at 169-74; Record Vol. II, part 4 at 723-42, 747-56, 758-77. Much of this evidence, detailing petitioner’s deepening depression, increasing reli-anee on alcohol and psychoactive medication, difficulty in coping with simple daily tasks, disturbed decisionmaking, and suicidal tendencies, as well as her reliance on a friend to complete the MMPI, was later provided as live testimony at the federal evidentiary hearing.