## HUTTO, ARKANSAS DEPARTMENT OF CORRECTION COMMISSIONER v. ROSS

No. 75–1726.  Decided November 1, 1976

PER CURIAM.

In March 1972, in Johnson County, Ark., respondent was charged by information with the crime of embezzlement. With the assistance of counsel, respondent entered into plea negotiations with the prosecuting attorney, and the parties reached an agreement that respondent would enter a plea of guilty on the understanding that the prosecutor would recommend a 15-year prison sentence, with 10 years suspended. Approximately two weeks later, the prosecuting attorney asked respondent's counsel whether respondent would be willing to make a statement concerning the crimes.[1] Although counsel advised respondent of his Fifth Amendment privilege and informed him that the terms of the negotiated plea bargain were available regardless of his willingness to comply with the prosecuting attorney's request, the respondent agreed to make a statement confessing to the crime charged.  The record discloses that the statement was

[1] Counsel for respondent testified at the federal habeas corpus hearing that the prosecuting attorney asked for the statement in order to complete his file "as to actually what occurred and how [respondent] took the money and used it."  1 Record 37.

made under oath in the office of respondent's counsel, with counsel present, and after respondent had been advised of his rights under *Miranda* v. *Arizona,* 384 U. S. 436 (1966).[2]

Respondent subsequently withdrew from the plea bargain, retained new counsel, and demanded a jury trial. The trial court ruled, after hearing evidence outside the presence of the jury, that respondent had confessed voluntarily. The statement was admitted at trial, and respondent was convicted and sentenced to 21 years' imprisonment. On appeal, the Arkansas Supreme Court affirmed. *Ross* v. *State,* 257 Ark. 44, 514 S. W. 2d 409 (1974). This Court denied certiorari. 421 U. S. 931 (1975).

Respondent then filed a petition for a writ of habeas corpus in the United States District Court for the Western District of Arkansas challenging the state court's finding of voluntariness. 28 U. S. C. § 2254. The District Court held an evidentiary hearing, and on May 23, 1975, denied the petition, agreeing with the state court that the confession was voluntary and therefore admissible. *Mobley ex rel. Ross* v. *Meek,* 394 F. Supp. 1219 (1975).

The Court of Appeals for the Eighth Circuit reversed, finding the statement inadmissible because "it . . . was made in connection with an offer to plead guilty and after a [plea] bargain had been agreed upon." 531 F. 2d 924, 926 (1976). It made no difference, in the court's view, that the confession was not an express precondition of the plea bargain; the confession became "part and parcel" of the plea bargain because "[the] confession would [not] have been made at the request of the prosecution *but for* the plea bargain." *Ibid.* (emphasis added). Since the plea bargain

---

[2] In response to questions asked by the prosecuting attorney at this meeting, respondent said that his confession was voluntary and that he had not been promised anything in return for making the confession. *Mobley ex rel. Ross* v. *Meek,* 394 F. Supp. 1219, 1221–1222 (WD Ark. 1975).

had not been executed, the court found the confession involuntary and therefore inadmissible.

The only question in this case is whether a confession is *per se* inadmissible in a criminal trial because it was made subsequent to an agreed upon plea bargain that did not call for such a confession.[3] We conclude that the Court of Appeals erred when it held that *any* statement made as a result of a plea bargain is inadmissible.

The Court of Appeals reasoned that respondent's confession was involuntary because it was made "as a result of the plea bargain" and would not have been made "but for the plea bargain." *Id.,* at 927, 926. But causation in that sense has never been the test of voluntariness. See *Brady* v. *United States,* 397 U. S. 742, 749–750 (1970). The test is whether the confession was " 'extracted by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence.' " *Bram* v. *United States,* 168 U. S. 532, 542–543 (1897); see *Brady* v. *United States, supra,* at 753. The existence of the bargain may well have entered into respondent's decision to give a statement, but counsel made it clear to respondent that he could enforce the terms of the plea bargain whether or not he confessed. The confession thus does not appear to have been the result of " 'any direct or implied promises' " or any coercion on the part of the prosecution, and was not involuntary. *Bram* v. *United States, supra,* at 542–543.

---

[3] This case does not involve the admissibility at trial of a guilty plea subsequently withdrawn by leave of court. That issue was settled in *Kercheval* v. *United States,* 274 U. S. 220 (1927), which held that such pleas could not be used as evidence of guilt at a subsequent trial. Nor does this case involve the admissibility in criminal trials of statements made during the plea negotiation process. See Fed. Rule Crim. Proc. 11 (e) (6); *Moulder* v. *State,* 154 Ind. App. 248, 289 N. E. 2d 522 (1972); ABA Project on Standards for Criminal Justice, Pleas of Guilty § 3.4 (Approved Draft of 1968).

The petition for a writ of certiorari is granted, the judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings consistent with this opinion.

MR. JUSTICE STEWART dissents. Agreeing with the reasoning of the Court of Appeals, he would affirm its judgment.

*It is so ordered.*