STATE OF NORTH CAROLINA v. GARY DEAN EDWARDS

No. 8524SC610

(Filed 31 December 1985)

1. **Criminal Law § 76.5; Judgments § 2— ruling announced in open court—time for filing written order**

There was no merit to the State's contention that the trial judge erred in filing a written order suppressing defendant's in-custody statement after court had adjourned and after having previously entered findings and conclusions in open court, since the announcement of a ruling by the trial judge in open court constitutes an "entry of judgment," and only when the judge's ruling is not announced in open court is it necessary that the order be in writing, signed and filed with the clerk in the county, in the district and during the session when and where the question is presented.

2. **Criminal Law § 75.2— involuntary confession—coercion by sheriff**

Evidence was sufficient to support the trial court's conclusion that defendant's in-custody statement was involuntary where the evidence tended to show that defendant was 18 years old at the time of his arrest; he had only a tenth grade education; he had never before been arrested or interrogated by a law enforcement officer; he was employed as a manual laborer; he was in custody for 4 days because of his inability to make bond, while the two individuals arrested with defendant had been released; defendant was subjected to a polygraph examination and to frequent interrogation by the sheriff's department; defendant steadfastly maintained his innocence, while the sheriff insisted that defendant was not telling the truth; on the fourth day of defendant's custody, the sheriff interrogated him again; defendant's employer was present and was willing to do what was necessary to get defendant out of jail; defendant maintained his innocence but was told by the sheriff that he was lying and that he could not get out of jail unless he told the truth and made a signed statement; the sheriff made this statement even though he knew defendant's employer was prepared to make defendant's bond; only after this statement did defendant make the statement implicating himself; the statement was not in defendant's handwriting and not totally in defendant's own words; defendant changed the statement at the direction of the sheriff; and immediately upon signing the confession as prepared by the sheriff, defendant was allowed to sign an unsecured personal recognizance bond and was released.

APPEAL by the State of North Carolina from *Pachnowski, Judge.* Order entered 18 February 1985 in Superior Court, YANCEY County. Heard in the Court of Appeals 29 October 1985.

On 1 August 1984, defendant and two other individuals were arrested pursuant to warrants charging them with felonious breaking and entering and felonious larceny. While in custody

defendant made a statement to the sheriff confessing his involvement in the criminal activity. At trial on 18 February 1985, defendant moved to suppress the statement on the ground that it was not voluntarily given. A *voir dire* was conducted to determine the admissibility of the statement. At the conclusion of the hearing, the trial judge made oral findings of fact and entered an order granting defendant's motion. On 22 February 1985 the trial court reduced the findings and the order to writing as follows:

> That Gary Dean Edwards was arrested on or about August 1, 1984 and was in custody until August 4, 1984; and during the time that the Defendant was in custody of the Yancey County Sheriff's Department, he was not appointed an attorney, although his "miranda rights" had been read to him at the time of his arrest; that during the time the Defendant was incarcerated in the Yancey County jail, he was taken to Asheville, North Carolina for a polygraph test and was frequently interrogated by the Sheriff's Department; that the Defendant was 18 years of age at the time of his arrest, had dropped out of high school only completing the 10th grade, and was working as a logger immediately prior to his arrest; that the handwritten confession signed by the Defendant was not in the Defendant's handwriting; that the written confession was not totally in the Defendant's own words; and that during the preparation of the written confession, the Defendant was encouraged to change his original statement to conform with that being sought by the Sheriff's Department; that the Defendant was informed that he could not be released unless he signed the confession; that immediately after signing the confession as prepared by the Sheriff's Department, the Defendant did sign an unsecured personal recognizance bond;
>
> BASED UPON THE FOREGOING FINDINGS OF FACT, THE COURT CONCLUDES AS A MATTER OF LAW That the Defendant did not freely and voluntarily sign the written confession;
>
> THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED That the written confession shall not be permitted to be introduced into evidence or used during the trial of the Defendant, Gary Dean Edwards.

The written order was filed on 17 April 1985.

From the order granting defendant's motion, the State appeals to this Court.

*Attorney General Lacy H. Thornburg, by Associate Attorney Randy Meares, for the State.*

*Staunton Norris for defendant appellee.*

ARNOLD, Judge.

[1] The State contends that the trial judge erred in filing the written order after court had adjourned and after having previously entered findings and conclusions in open court. The State argues that as a result of that error, the order is void. This contention has no merit.

The general rule concerning orders is that an order substantially affecting the rights of parties to a cause pending in the superior court at a term must be made in the county and at the term when and where the question is presented, and except by agreement of the parties or by reason of some express provision of law, they cannot be entered otherwise. *State v. Boone,* 310 N.C. 284, 311 S.E. 2d 552 (1984). In the instant case, the trial judge announced his ruling on the motion to suppress in open court and later reduced the order to writing. Our Supreme Court, in *State v. Boone,* held the announcement of a ruling by the trial judge in open court constitutes an "entry of judgment," and thus only when the judge's ruling is not announced in open court is it necessary that the order be in writing, signed, and filed with the clerk in the county, in the district and during the session when and where the question is presented. Therefore, absent the necessary showing of prejudice to the State, the trial judge's failure to put the order in writing and to file it before the end of term was not error. *Id.*

[2] The State next argues that the trial judge erred in his findings and conclusion that defendant's statement was involuntary. We disagree.

The trial judge determines whether or not a statement is voluntary and thus admissible. In making this determination, the trial judge must make findings of fact. When the facts are supported by competent evidence, they are conclusive on the appellate courts. However the conclusions of law drawn from the

findings of fact are not binding on the reviewing courts. *State v. Hines*, 266 N.C. 1, 145 S.E. 2d 363 (1965). The evidence presented at *voir dire* supports the trial judge's findings of fact.

In *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed. 2d 653 (1964), the United States Supreme Court ruled that the admissibility of a confession in state criminal trials is tested by the same standard as applied to federal prosecutions.

> [A] confession, in order to be admissible, must be free and voluntary; that is, [it] must not be extracted by any sort of threats or violence, *nor obtained by any direct or implied promises, however slight,* nor by the exertion of any improper influence . . . (Emphasis added.)

*Bram v. United States*, 168 U.S. 532, 542-543, 18 S.Ct. 183, 187, 42 L.Ed. 568, 573 (1897). *See also Hutto v. Ross*, 429 U.S. 28, 50 L.Ed. 2d 194, 97 S.Ct. 202 (1976). The Court in *Malloy* specifically emphasized that it had held inadmissible even a confession secured by so mild a whip as the refusal, under certain circumstances, to allow a suspect to call his wife until he confessed.

In applying this test to determine whether statements are voluntary, the Court has assessed the totality of all the circumstances, including both the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed. 2d 854 (1973). *See also State v. Jackson*, 308 N.C. 549, 304 S.E. 2d 134 (1983).

The circumstances of the case at bar reveal that defendant was 18 years old at the time of his arrest; he only had a 10th grade education; he had never before been arrested or interrogated by a law enforcement officer; and he was employed as a manual laborer. Defendant was in custody for four days because of his inability to make bond, while the two individuals arrested with defendant had been released. Defendant was subjected to a polygraph examination and to frequent interrogation by the Sheriff's Department. Defendant steadfastly maintained his innocence. The Sheriff continually insisted that defendant was not telling the truth. On the fourth day of defendant's custody, the sheriff interrogated defendant once again. Defendant's employer was present. The employer was short of help and had come to ask what he could do to get defendant out of jail. When first questioned,

defendant again maintained his innocence. The sheriff told defendant that he was lying and that unless he told the truth and made a signed statement he could not get out of jail. The sheriff made this statement even though he knew defendant's employer was prepared to make defendant's bond. Only after this statement by the sheriff did defendant make the statement implicating himself. The statement was not in defendant's handwriting and not totally in defendant's own words. In fact, defendant changed the statement at the direction of the sheriff. Finally, immediately upon signing the confession as prepared by the sheriff, defendant was allowed to sign an unsecured personal recognizance bond and was released.

Upon reviewing the trial court's findings and in light of the totality of the circumstances, we find the trial court properly suppressed defendant's statement.

Affirmed.

Judges WELLS and PARKER concur.