**UNITED STATES of America**

v.

**Bernard Michael McLAUGHLIN, David Carl Bruce.**

**Crim. Nos. 90–82–01–S, 90–82–02–S.**

United States District Court, New Hampshire.

Jan. 29, 1991.

Douglas Cannon, Asst. U.S. Atty., Concord, N.H., for plaintiff.

Paul Twomey, Chichester, N.H., for defendant Bernard Michael McLaughlin.

Jonathan M. Flagg, Portsmouth, N.H., for defendant David Carl Bruce.

## ORDER

STAHL, District Judge.

In this criminal action, defendant Bernard Michael McLaughlin is charged with two counts of bank fraud and one count of conspiring to commit bank fraud. Co-defendant David Carl Bruce also is charged with conspiracy to commit bank fraud. Currently before the Court is defendant Bruce's motion to suppress.

As an initial matter, the Court notes that this and several other motions were filed on the day that trial was scheduled to begin. Because the issues raised in the instant motion appeared to be of substance, the Court delayed trial and held a hearing on January 22, 1991. Counsel are herewith notified that appropriate sanctions will be imposed if future orders issued by this Court are not followed. Prior to the actual commencement of trial, the Court orally denied the suppression motion indicating that a written decision would follow. A synopsis of the testimony presented during this hearing by defendant Bruce and Assistant U.S. Attorney Douglas Cannon is presented below.

Defendant Bruce's interactions with law enforcement officials can be traced to 1987, when phone conversations between him and an unindicted third party named William Wood were recorded during a governmental wiretap of Wood's phone. The Government subsequently pursued indictments against Wood both for fraud against the Bank of Marlboro, Massachusetts, and for customs violations.

In the course of its proceedings against Wood, the Government secured Bruce's assistance apparently in exchange for a promise that he would not be indicted for any role he might have had in those affairs. Few facts about the Wood prosecution have been presented to this Court, but testimony did suggest that Wood was indicted and convicted.

In August of 1990, a grand jury returned an indictment charging McLaughlin with bank fraud and conspiracy and charging Bruce with conspiracy. It is that indictment and the evidence relating thereto which Bruce challenges.

*Discussion*

At the hearing and in his motion, Bruce made two arguments: (1) that the Government's informal grant of immunity from prosecution during the Wood investigation should extend to this prosecution and mandate its dismissal; or alternatively, (2) that all of the Government's evidence in this case was obtained directly or indirectly through coercion and should be suppressed as violative of Bruce's fifth amendment privilege against self-incrimination. The Court addresses each argument in turn.

1. Promises of Immunity

■ Bruce alleges that from 1987–1990, he repeatedly was told that if he cooperated with various governmental officials, he would not be indicted. The Government does not deny that it made promises, but it contends that all such promises were contextually limited to the proceedings against Wood.

Since there clearly was no formal grant of immunity, Bruce's claims must be examined under the rubric of equitable immunity analysis. In determining whether a grant of informal immunity should be enforced, the Eleventh Circuit Court of Appeals has developed a useful three-part inquiry:

> [A]s a matter of fair conduct, the government ought to be required to honor such an agreement when it appears from the record that: (1) an agreement was made; (2) the defendant has performed on his side; and (3) the subsequent prosecution is directly related to offenses in which the defendant, pursuant to agreement,

either assisted with the investigation or testified for the government.

*Rowe v. Griffin*, 676 F.2d 524, 527–528 (11th Cir.1982).

Here, it is not seriously contested that Bruce did have an understanding with the Government *insofar as the Wood investigation was concerned*. However, Assistant United States Attorney Cannon testified at the January 22, 1991 hearing that the informal immunity grant only extended to the Wood affair, and that as soon as the Government's investigation turned to the current matter, he advised Bruce of this fact. Bruce has adduced no evidence to contradict the Government's assertion that the promise of immunity was so limited. Rather, he argues that the context and subject matter of the earlier discussions led him to believe that immunity would extend to this case.[1] However, Bruce's subjective understanding that the immunity grant would extend to the instant prosecution cannot, by itself, constitute an agreement for purposes of the first inquiry under *Rowe*. Accordingly, the Court finds that there was no informal grant of immunity from prosecution in the current case.[2]

2. Suppression of Evidence

■ Bruce also argues that all of the Government's evidence should be suppressed since it was obtained through coercion in violation of his fifth amendment rights.

As explained above, no immunity agreement relative to this prosecution existed between Bruce and the Government. Therefore, Bruce's reliance on authority mandating suppression of evidence obtained as a result of a broken governmental promise is misplaced. *See Hutto v. Ross*, 429 U.S. 28, 97 S.Ct. 202, 50 L.Ed.2d 194 (1976); *United States v. Weiss*, 599

---

**1.** Bruce met with Attorney Cannon only twice: once in connection with Bruce's grand jury testimony in the Wood investigation and once to attempt to negotiate a plea bargain in the instant matter. Bruce contends that his discussion with Attorney Cannon during the course of the Wood affair touched on issues germane to the instant proceeding and led him to believe that he was immune from this prosecution. At-

torney Cannon categorically denies Bruce's characterization of this conversation.

**2.** Because the Court finds that there was no agreement between Bruce and the Government with regard to this matter, it does not reach the second and third prongs of the *Rowe* analysis.

F.2d 730 (11th Cir.1979); *United States v. Goldstein,* 611 F.Supp. 626 (N.D.Ill.1985); and *Rowe v. Griffin, supra* (all of which contain language indicating that evidence obtained pursuant to governmental promises which were later breached should be considered coerced and inadmissable). Accordingly, the Government's evidence will not be excluded as coercively obtained on this ground.

■ Nor can it be argued that such evidence should be excluded because it was obtained prior to the Government's advising Bruce of his *Miranda* rights. It is well-established that *Miranda* warnings need not be given to all suspects under governmental investigation. Rather, the warnings only are required when a custodial interrogation has taken place. In assessing whether an interrogation is custodial, a court need simply inquire "whether there is a 'formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest." *California v. Beheler,* 463 U.S. 1121, 1125, 103 S.Ct. 3517, 3520, 77 L.Ed.2d 1275 (1983) (quoting *Oregon v. Mathiason,* 429 U.S. 492, 495, 97 S.Ct. 711, 714, 50 L.Ed.2d 714 (1977)); *see also United States v. Doe,* 878 F.2d 1546, 1551 (1st Cir.1989); *United States v. Levesque,* 625 F.Supp. 428, 439 (D.N.H.1985), *aff'd* 879 F.2d 853 (1st Cir.1989).

Here, none of the Government's conversations with Bruce prior to his being advised of his *Miranda* rights can be construed as custodial in nature. Bruce has introduced no evidence indicating that any one of his interactions with the Government was even remotely similar to the situation described in *Beheler.* Indeed, he has testified that on the one occasion Government officials approached him at home unannounced, they readily acquiesced in his desire not to speak with them upon being advised that a conference would be inconvenient at that time. Thus, any discussions which Bruce might have had with the Government relative to this case must be considered voluntary, and any governmental evidence obtained pursuant thereto

should not be excluded as coercively obtained.[3]

*Conclusion*

For the reasons stated herein, defendant David Carl Bruce's motion to suppress is denied.

SO ORDERED.

---

3. Because Bruce's interactions with the government are deemed voluntary, the Court need not reach the issue of whether any inculpatory evidence actually was gleaned therefrom.