956 F.2d 1163
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean Erskin ARCHER, Defendant-Appellant.
 No. 91-5059.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 22, 1992.
Decided March 4, 1992.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Walter E. Hoffman, Senior District Judge. (CR-91-4-N)
 Rueben S. Hill, Jr., Sams & Hill, P.C., Norfolk, Va., for appellant.
 Richard Cullen, United States Attorney, Mark A. Exley, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before DONALD RUSSELL and PHILLIPS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dean Erskin Archer appeals his convictions for conspiracy to acquire firearms, in violation of 18 U.S.C. § 371 (1988), making a false statement in purchasing a firearm, in violation of 18 U.S.C.A. § 922(a)(6) (West Supp.1991), and three counts of aiding and abetting the making of false firearms statements, in violation of 18 U.S.C. § 2 (1988) and 18 U.S.C.A. § 922(a)(6). The only issue on appeal is whether the district court erred in denying Archer's request to suppress certain oral and written statements as an involuntary confession. We affirm.
 
 
 2
 Archer was convicted after a bench trial in the United States District Court for the Eastern District of Virginia. Before trial the district court held a hearing on Archer's Motion to Suppress certain statements made before and after his arrest which he claimed amounted to an involuntary confession as a result of improper influence. Archer claimed agents of the federal Bureau of Alcohol, Tobacco and Firearms (ATF) suggested he confess to avoid pretrial time in jail, high bond, and the loss of "points." The district court denied the motion. Archer was later sentenced to twelve months in prison and two years of supervised release, and he was ordered to pay a special assessment of $250.
 
 
 3
 Involuntary confessions are inadmissible during an accused's trial as violations of the Fifth or Fourteenth Amendment. Arizona v. Fulminante, 59 U.S.L.W. 4235, 4242-43 (U.S.1991). An appellate court independently reviews the question of a confession's voluntariness, but defers to the district court's findings of fact as to the circumstances surrounding the confession unless the findings are clearly erroneous. United States v. Pelton, 835 F.2d 1067, 1072 (4th Cir.1989), cert. denied, 486 U.S. 1010 (1988).
 
 
 4
 To determine the voluntariness of a confession, the court considers whether under the totality of the circumstances, police have overborne the defendant's will or left his "capacity for self-determination critically impaired." Id. at 1071 (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 225 (1973)). See also Colorado v. Connelly, 479 U.S. 157, 167 (1986); 18 U.S.C. § 3501(b) (1988). The totality of the circumstances includes the defendant's characteristics, the interview's setting, and details of the interrogation. Pelton, 835 F.2d at 1071. A voluntary confession need not be completely free of intimidation, otherwise, no statement by a defendant would be considered voluntary. Id. at 1072. Inculpatory statements need not be suppressed merely because of the defendant's subjective perception that a confession was involuntary. United States v. Shears, 762 F.2d 397, 403 (4th Cir.1985).*
 
 
 5
 Archer, his college roommate, and a female Codefendant were buying pistols in Virginia gun stores in late 1990 for a Jamaican named Randy "Peanut" Brown. ATF agents stopped Archer and the Codefendant in a car outside a gun store in Carrollton, Virginia, on December 19, 1990, after the ATF in Norfolk received a tip. Archer was arrested, transported to the ATF's Norfolk office and given Miranda warnings, see Miranda v. Arizona, 384 U.S. 436 (1966), after routine processing.
 
 
 6
 Testimony at the pretrial suppression hearing demonstrated that Archer, a senior at Norfolk State University who was suffering from no handicap or impairment, volunteered incriminating statements prior to being given his Miranda rights. Archer testified he made the statements in an effort to be cooperative and polite. He made further inculpatory statements after reading and signing a waiver of rights form. While Archer stated he was afraid he would not be able to make bail, he acknowledged that he never was told that he would not make bail and that he never felt threatened in any manner.
 
 
 7
 After carefully reviewing the transcript of the suppression hearing, we conclude that the district court's findings as to the facts surrounding the confession were not clearly erroneous. Further, applying the totality of the circumstances test, we are convinced that Archer's confession was voluntary. We are particularly persuaded by Archer's age and education as well as by his statements that he did not feel threatened and was cooperating with officials in a conscious effort to gain an advantage. See United States v. Pelton, 835 F.2d at 1071.
 
 
 8
 We accordingly affirm Archer's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Archer cites the test for voluntariness stated in Hutto v. Ross, 429 U.S. 28, 30 (1976). In light of Arizona v. Fulminante, 59 U.S.L.W. 4235 (U.S.1991), this reliance is misplaced. See id. at 4236