133 F.3d 928
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George G. ROSS, Petitioner-Appellant,
v.
K.W. PRUNTY, Chief Deputy Warden; Attorney General, State
of California, Respondents-Appellees.
 No. 95-56517.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted Dec. 2, 1997.
Decided Dec. 17, 1997.
 
 1
 Before: HALL, BRUNETTI, and RYNER, § Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 California state prisoner George G. Ross appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his jury conviction for first degree murder. We affirm.
 
 
 4
 * Ross first contends that his confession was improperly admitted into evidence at trial because the police detective violated his rights under Miranda v. Arizona, 384 U.S. 436, 445 (1966). We disagree.
 
 
 5
 It is not disputed that the detective responded to Ross' first purported invocacion of his right to remain silent with a clarifying question. However, "[t]here is a critical distinction between, on the one hand, an inquiry for the limited purpose of clarifying whether the.defendant is invoking his right to remain silent ... and, on the other hand, questioning aimed at eliciting incriminating statements concerning the very subject on which the defendant has invoked his right." United States v. Lopez-Diaz, 630 F.2d 661, 665 (9th Cir.1980). The question in this case was not reasonably likely to elicit an incriminating response, nor did it elicit such a response. Accordingly, the detective's question was not prohibited interrogation. See Rhode Island v. Innis, 446 U.S. 291, 301 (1980).
 
 
 6
 Ross unequivocally invoked his right to remain silent and his right to an attorney later in the interview. However, Ross' subsequent comments to the detective "evinced a willingness and a desire for generalized discussion about the investigation." Oregon v. Bradshaw, 462 U.S. 1039, 1045-46 (1983). The interview transcript reveals that Ross was at least as intent on interviewing the detective as the detective was on interviewing Ross. Because Ross himself initiated a further exchange and voluntarily waived the rights he had previously invoked, the detective's questioning was not improper. See Smith v. Illinois, 469 U.S. 91, 95 (1984) (per curiam); Edwards v. Arizona, 451 U.S. 477, 484-86 & 486 n. 9 (1981).
 
 II
 
 7
 Ross next contends that his waiver of Fifth Amendment rights and subsequent confession were riot voluntary under the totality of the circumstances. Specifically, Ross relies on Collazo v. Estelle, 940 F.2d 411 (9th Cir.1991) (en banc), for the proposition that the detective's comments were psychologically coercive because they discouraged Ross from asserting his right to remain silent and from speaking with an attorney.
 
 
 8
 This case is readily distinguishable from Collazo. The detective in this case did not threaten Ross that he would be penalized for asserting his rights or otherwise directly burden Ross' free exercise of his Fifth Amendment rights. Moreover, unlike Collazo, the detective in the present case did not violate Ross' rights under Miranda or Edwards or purport to offer any legal advice. It may be that Ross would never have confessed to the murder had the detective not informed Ross that his cohort was in custody and looking to talk. However, but-for causation has never been the test for the voluntariness of a confession. See Hutto v. Ross, 429 U.S. 28, 30 1976 (per curiam). We hold that Ross' confession was voluntary under the totality of the circumstances.[1]
 
 III
 
 9
 Finally, Ross contends that the district court abused its discretion by failing to hold are evidentiary hearing on the claims raised in Ross' habeas petition Because the trial court had afforded Ross an opportunity to present evidence that his confession was tainted by an allegedly illegal arrest, yet Ross presented no evidence from which such a taint could be inferred, the district court was not required to hold an evidentiary hearing to determine whether the arrest had, in fact, been illegal. Similarly, because the record contains the entire transcript of Ross' questioning, and Ross did not allege that the detective's inflection or tone contributed to the purported involuntariness of his confession, the district court was not required to hold an evidentiary hearing for the purpose of listening to a tape recording of the confession.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Indeed, Ross himself testified that his confession was voluntarily given, and he does not now allege that he misunderstood that basic rights guaranteed by the Fifth Amendment or the consequences of speaking to the detective
 
 
 [2]
 We reject Ross' contention that the magistrate judge was without jurisdiction to review his request for an evidentiary hearing. The magistrate implicitly denied an evidentiary hearing along with her report and recommendation