**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 99-4795

LARRY MCKNIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Benson E. Legg, District Judge.
(CR-98-16-L)

Submitted: March 20, 2000

Decided: April 14, 2000

Before MURNAGHAN, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Clarke F. Ahlers, Columbia, Maryland, for Appellant. Lynne A. Bat-
taglia, United States Attorney, Andrew G. W. Norman, Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Following the denial of his motion to suppress evidence, Larry McKnight entered a conditional plea of guilty to a charge of bank robbery in violation of 18 U.S.C.A. § 2113(a), (d), (f) (West Supp. 1999). After the district court's order imposed his sentence, McKnight noted his appeal from the order denying his motion to suppress.

McKnight contends that his Sixth Amendment right to counsel was implicated when officers interviewed him about potential federal crimes in the absence of the attorney representing him on a state charge of robbery. McKnight contends that the state and the federal crimes are legally related because he had entered an agreement with the government to have his state charges dismissed in exchange for his cooperation in the investigation of the federal crimes, provided that he was not involved in the federal offenses.

The right to counsel under the Sixth Amendment is offense specific and may not be relied upon in response to police officers' inquiry into new criminal activity for which the suspect has not been indicted. See Massiah v. United States, 377 U.S. 201, 207 (1964); United States v. Melgar, 139 F.3d 1005, 1010 (4th Cir. 1998). An exception to the offense-specific character of the Sixth Amendment is where the offenses are "closely related" or "inextricably intertwined." See Melgar, 139 F.3d at 1014. To determine whether the uncharged offense is closely related to or inextricably intertwined with a charged offense for which the defendant has invoked his right to counsel, the court considers the time, place, and persons involved in the offenses and determines whether the uncharged offense "derive[s] from the same factual predicate as the charged offense." United States v. Kidd, 12 F.3d 30, 33 (4th Cir. 1993). McKnight admits that factually, the state robbery offense and the bank robberies are not "closely related" or "inextricably intertwined." He contends that they are legally related because of the cooperation agreement he entered with the officials. We find no merit to McKnight's contention. Because the state robbery offense and the uncharged bank robberies did not "derive from the same factual predicate" they were not closely related or inextricably intertwined. Therefore, the exception to the "offense-specific"

2

nature of the Sixth Amendment right to counsel does not apply, and there was no Sixth Amendment violation when the officers questioned McKnight about the uncharged bank robberies without consulting the attorney representing McKnight on unrelated state charges.

McKnight also argues that his confession was involuntary because it was given after Detective Carew stated his understanding that under the sentencing guidelines, McKnight would only receive credit for acceptance of responsibility if he cooperated that day. We find that under the totality of the circumstances, see United States v. Ellie, 111 F.3d 1135, 1143-44 (4th Cir. 1997), the misstatement of the law was not sufficiently coercive to render the resulting confession involuntary. See Hutto v. Ross, 429 U.S. 28, 30 (1976). Despite Carew's misstatement of the law as to the potential for a reduction in sentence for acceptance of responsibility, we find that McKnight's will was not "overborne," nor was his "capacity for self-determination critically impaired." See United States v. Braxton, 112 F.3d 777, 781 (4th Cir. 1997).

Accordingly, we affirm the district court's order denying McKnight's motion to suppress his statements. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3