**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN C. JOHNSON, | No. 07-55185 |
| Petitioner - Appellant, | D.C. No. CV-06-03541-ABC |
| v. | |
| ROY A. CASTRO, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, Chief District Judge, Presiding

Argued and Submitted April 6, 2010
Pasadena, California

Before:  FERNANDEZ, SILVERMAN, and GRABER, Circuit Judges.

Petitioner Stephen C. Johnson appeals the district court's denial of his petition for a writ of habeas corpus.  Petitioner contends that the state court erred by rejecting his claim that his confession was involuntary.  Reviewing the district court de novo, Doody v. Schriro, 596 F.3d 620, 634 (9th Cir. 2010) (en banc), we affirm.

---

  *  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Under the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254, we

> must deny the petition unless the state court's adjudication of [Petitioner's] claims resulted in a decision that was either (1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Doody, 596 F.3d at 634 (internal quotation marks omitted). Here, the California Court of Appeal found that Detective Carver's statements to Petitioner during the interrogation constituted coercive conduct. "[C]oercive police activity is a necessary predicate to the finding that a confession is not 'voluntary' within the meaning of the Due Process Clause of the Fourteenth Amendment." Colorado v. Connelly, 479 U.S. 157, 167 (1986).

In addition, however, a confession must be "the result of" the coercive conduct to be involuntary. Hutto v. Ross, 429 U.S. 28, 30 (1976) (per curiam) (internal quotation marks omitted). The state court found that Detective Carver's statements were not the motivating cause for Petitioner's confession. Petitioner testified before the trial court that he had confessed earlier, along the same lines as the second confession, because of police conduct separate from the statements on which he now relies. The state court's finding that Detective Carver's conduct

2

during the interrogation did not cause Petitioner's recorded confession was not an unreasonable finding of fact in light of the evidence presented. Accordingly, Petitioner's claim that his confession was involuntary fails.

AFFIRMED.