FILED

DEC 27 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY MICHAEL SMITH, | No. 10-15009 |
| Petitioner - Appellant, | D.C. No. 2:06-cv-01762-RCT |
| v. | |
| RICHARD KIRKLAND; ATTORNEY GENERAL OF THE STATE OF CALIFORNIA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Richard C. Tallman, Circuit Judge, Presiding

Argued and Submitted December 8, 2010
San Francisco, California

Before: HUG, D.W. NELSON, and McKEOWN, Circuit Judges.

Petitioner Jerry Michael Smith was convicted of first degree murder by

means of lying in wait, with a firearm enhancement, in California Superior Court.

Before trial, Smith moved to suppress his confession as involuntary and in

_____

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

violation of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1996). The court held an evidentiary hearing and denied Smith's motion. The California Court of Appeal affirmed the superior court's judgement that the confession was voluntary. In a 28 U.S.C. § 2254 petition for a writ of habeas corpus, Smith argued that the state courts erred in finding his confession voluntary. The district court denied Smith's petition. We affirm.

This court reviews de novo a district court's decision to grant or deny a habeas corpus petition under 28 U.S.C. § 2254. *Yee v. Duncan*, 463 F.3d 893, 897 (9th Cir. 2006). Because the Anti-Terrorism and Effective Death Penalty Act applies, this court may grant relief only if the state court's adjudication of the merits of the case "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2).

Smith argues that his confession was involuntary because police officers engaged in an impermissible two-step interrogation under *Missouri v. Seibert*, 542 U.S. 600 (2004) and because he was coerced.

    1. *Two-step interrogation claim*

The "two-step interrogation strategy, termed 'question first' . . . called for the deliberate with-holding of the *Miranda* warning until the suspect confessed, followed by a *Miranda* warning and a repetition of the confession already given." *United States v. Williams*, 435 F.3d 1148, 1154 (9th Cir. 2006) (citing *Seibert*, 542 U.S. at 604, 609-11 (Souter, J., plurality opinion)). This argument fails because the California Court of Appeal's conclusion that Smith did not confess until *after* hearing and waiving his *Miranda* rights is not an unreasonable determination of the facts. Smith neither divulged incriminating evidence nor made inculpatory admissions prior to the invocation of his rights.

*2. Coercion claim*

In support of his coercion claim, Smith asserts that police officers (1) deliberately violated *Miranda* by ignoring his requests for counsel, and (2) promised leniency for his wife in exchange for a confession.

Once a suspects invokes his right to counsel, questioning must cease and may not resume in the absence of counsel unless the suspect initiates further discussions. *Edwards v. Arizona*, 451 U.S. 477, 484-85 (1981). However, the request must be unambiguous and clear such "that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Davis v. United States*, 512 U.S. 452, 459 (1994). "If the statement fails to meet

3

the requisite level of clarity, *Edwards* does not require that the officers stop questioning the suspect." *Id.* While Smith mentioned an attorney several times before the officers ended his interrogation, we cannot say that the California Court of Appeal unreasonably applied clearly established federal law when it determined that his statements were not unambiguous requests for counsel.

Law enforcement may not extract a confession "by any sort of threats or violence, [or] obtained by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976) (quoting *Bram v. United States*, 168 U.S. 532, 542-43 (1897). However, "speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling to overbear a defendant's will." *United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994). To support his coercion claim, Smith relies on *Lynumn v. Illinois*, 372 U.S. 528, 533 (1963). This case, however, is distinguishable from *Lynumn* because it was Smith who initiated the conversation about his wife and it was his idea to bargain for leniency. Thus, the California Court of Appeal's conclusion that Smith was not coerced into confessing is not contrary to clearly established federal law.

**AFFIRMED.**

4