**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 06 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SANBEIRA THLANG,

                Petitioner - Appellant,

   v.

GREG LEWIS, Warden,

             Respondent - Appellee.

No. 12-16260

D.C. No. 2:10-cv-00046-WBS-EFB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Submitted December 4, 2013[**]
San Francisco, California

Before: SILVERMAN, CALLAHAN, and N.R. SMITH, Circuit Judges.

    Sanbiera Thlang appeals from the district court's denial of his petition for a

writ of habeas corpus. He claims that the California Court of Appeal unreasonably

rejected his challenge to the trial court's admission of his inculpatory statements.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction pursuant to 28 U.S.C. §§ 1291, 2253(a), 2254(a), and affirm the district court's denial of Thlang's habeas petition.

During a pretrial interrogation, Thlang admitted that he was sitting in a vehicle that was involved in a drive-up shooting and identified the other occupants in the vehicle. Prior to this admission, the detective conducting the interrogation stated "I'd rather use you as a witness than . . . a suspect." Thlang argued that this was an implied promise of benefit or leniency that induced him to admit he was present at the shooting, making his statements involuntary and inadmissible. The California Court of Appeal rejected Thlang's argument based on the objective conduct of the participants in the interrogation, as well as Thlang's relative sophistication in dealing with police interrogation. The court viewed the detective's statement as outlining the benefits of confessing. Thlang now contends that the California Court of Appeal's decision was an unreasonable application of the law or determination of the facts under 28 U.S.C. § 2254(d).

Officials cannot extract a confession "by any sort of threats or violence, [or] . . . by any direct or implied promises, however slight, [or] by the exertion of any improper influence." *Hutto v. Ross*, 429 U.S. 28, 30 (1976). However, "in most circumstances, speculation that cooperation will benefit the defendant or even promises to recommend leniency are not sufficiently compelling to overbear a defendant's will." *United States v. Harrison*, 34 F.3d 886, 891 (9th Cir. 1994).

Based on the record, a reasonable jurist could find that Thlang was not compelled by an implied promise of leniency, but instead made a voluntary, tactical decision to admit a limited role in the shooting because he thought the admission would help his case at trial. The California Court of Appeal's decision was not contrary to clearly established Supreme Court precedent and Thlang cannot show that the state court's application of the law or determination of the facts was unreasonable. 28 U.S.C. § 2254(d); *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011).

**AFFIRMED**.