NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| ROBERT MARSHALL SPENCER, | ) | No. 13-55843 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 8:12-cv-01160-SVW-FFM |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| MARTIN BITER, Warden, | ) | |
| | ) | |
| Respondent - Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted March 4, 2015[**]
Pasadena, California

Before: FERNANDEZ, PARKER,[***] and NGUYEN, Circuit Judges.

Robert Marshall Spencer appeals the district court's denial of his petition for

a writ of habeas corpus. See 28 U.S.C. § 2254. We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

[***]The Honorable Barrington D. Parker, Jr., Senior Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

Spencer was convicted of first degree murder,[1] with special circumstances,[2] and other crimes in California and his conviction was upheld on appeal.  He then sought a writ of habeas corpus in this proceeding.

(1)     Spencer first argues that the writ should issue because the state courts unreasonably determined that his confession was not coerced.  We do not agree.  He cannot prevail if "fairminded jurists could disagree over whether" his confession was coerced.  Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S. Ct. 2140, 2149, 158 L. Ed. 2d 938 (2004); see also Harrington v. Richter, 562 U.S. 86, 101,  131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011); cf. Burt v. Titlow, __ U.S. __, __, 134 S. Ct. 10, 15–16, 187 L. Ed. 2d 348 (2013); Williams v. Taylor, 529 U.S. 362, 407–09, 120 S. Ct. 1495, 1520–21, 146 L. Ed. 2d 389 (2000).  Upon review of the record, we are unable to say that fairminded jurists could not agree that based upon the totality of the circumstances, Spencer's confession was not coerced.  See Dickerson v. United States, 530 U.S. 428, 434, 120 S. Ct. 2326, 2331, 147 L. Ed. 2d 405 (2000); Withrow v. Williams, 507 U.S. 680, 693, 113 S. Ct. 1745, 1754, 123 L. Ed. 2d 407 (1993); see also Hutto v. Ross, 429 U.S. 28, 30, 97 S. Ct. 202, 203, 50 L. Ed. 2d 194 (1976) (per curiam).  That is especially true because the

---

[1]Cal. Penal Code §§ 187(a), 189.

[2]Id. § 190.2(a)(17)(A).

applicable constitutional standard (totality of the circumstances) is quite general.  It leaves jurists with a great deal of leeway when they consider its application to any particular set of facts.  See Yarborough, 541 U.S. at 664, 124 S. Ct. at 2149; see also Harrington, 562 U.S. at 101, 131 S. Ct. at 786.

(2)    Spencer also argues that the writ should issue because the state unreasonably determined that the statement of a witness against him was not coerced.  Again, we must disagree.  There is no clearly established Supreme Court law that allows Spencer to exclude evidence of a witness' confession on the basis that the witness' constitutional right to be free from coercion was violated.  Without that, his claim fails at the outset.  See Marshall v. Rodgers, __U.S.__, __, 133 S. Ct. 1446, 1449, 185 L. Ed. 2d 540 (2013) (per curiam); see also Harrington, 562 U.S. at 100–101, 131 S. Ct. at 785–86.  We realize that some courts of appeal have decided that the claim can be raised, but that is not relevant;[3] nor is it relevant that before the Antiterroism and Effective Death Penalty Act was adopted, certain of our cases[4] said that it could be raised.[5]  Moreover, as with Spencer's confession,

---

[3]See Marshall, __ U.S. at __, 133 S. Ct. at 1450–51.

[4]See, e.g., Douglas v. Woodford, 316 F.3d 1079, 1092 (9th Cir. 2003).

[5]See Glebe v. Frost, __U.S.__, __, 135 S. Ct. 429, 431, 190 L. Ed. 2d 317 (2014) (per curiam).

3

we are unable to say that fairminded jurists could not agree that Ortega's statements were not coerced.

AFFIRMED.