NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 25 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

THOMAS JUSTIN SJOBERG,

Petitioner - Appellee,

v.

JOHN HENLEY; CHARLES
DANIELS; Mr. AARON DARNELL
FORD Esquire,

Respondents - Appellants.

No. 25-1565

D.C. No.
3:20-cv-00322-ART-CLB

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Anne R. Traum, District Judge, Presiding

Argued and Submitted March 12, 2026
Las Vegas, Nevada

Before: BENNETT and SANCHEZ, Circuit Judges, and EZRA, District Judge.[**]

Respondents-Appellants appeal the district court's grant of habeas relief under

28 U.S.C. § 2254 to Petitioner-Appellee Thomas Sjoberg ("Sjoberg"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

jurisdiction under 28 U.S.C. § 2253. *See also* Fed. R. App. P. 22(b)(3). Applying de novo review, we reverse. *See Frye v. Broomfield*, 115 F.4th 1155, 1161 (9th Cir. 2024).

As relevant here, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a court may grant habeas relief only if the state court's adjudication of a claim "involved an unreasonable application of[] clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The state court's determination "must be objectively unreasonable, not merely wrong; even clear error will not suffice." *White v. Woodall*, 572 U.S. 415, 419 (2014) (quotation marks omitted) (quoting *Lockyer v. Andrade*, 538 U.S. 63, 75–76 (2003)). "Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003) (citing 28 U.S.C. § 2254(e)(1)).

The Nevada Court of Appeals's application of *Strickland v. Washington*, 466 U.S. 668 (1984), was not unreasonable under AEDPA's highly deferential standard of review.[1] Under *Strickland*, a petitioner must show that counsel's challenged actions were objectively unreasonable and that he suffered prejudice as a result. *Id.*

---

[1] Because the Nevada Court of Appeals adopted or substantially incorporated the reasoning from the state district court's decision on this issue, we look to both decisions. *See Hedlund v. Ryan*, 854 F.3d 557, 565 (9th Cir. 2017).

at 687–88.  The Nevada Court of Appeals reasonably concluded that Sjoberg failed to satisfy both *Strickland* prongs.

1.      The Nevada Court of Appeals reasonably concluded that counsel's failure to file a motion to suppress Sjoberg's statements to Deputy Hawley was not deficient, as counsel reasonably concluded that such motion would have failed because Sjoberg was not in custody for *Miranda*[2] purposes when Sjoberg made the incriminating statements.

Whether Sjoberg was in custody for *Miranda* purposes depends on all the circumstances.  *Yarborough v. Alvarado*, 541 U.S. 652, 663 (2004).  Some circumstances support that Sjoberg was not in custody.  As the state district court found, Deputy Hawley asked Sjoberg to come to the station for "a voluntary interview," and Sjoberg "voluntarily went to the Fernley sub-station with Deputy Hawley."[3]  Sjoberg was never handcuffed or otherwise restrained, and he was permitted to keep his personal belongings, including his cell phone, in his pockets.  The interview lasted a little over one hour and was conducted in a conference room with multiple chairs, a television, and a whiteboard, rather than a sparse interrogation room.  Rather than pressure Sjoberg with the threat of arrest or prosecution, Deputy

---

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

[3] We presume these findings are correct because there is no clear and convincing evidence to the contrary.  *Miller-El*, 537 U.S. at 340.

Hawley appealed to Sjoberg's interest in telling the truth. Sjoberg was never threatened, and he was never told that he could not leave or was under arrest until the end of the interview.

Other circumstances, however, support that Sjoberg may have been in custody. Deputy Hawley, dressed in uniform with his gun, transported Sjoberg to the police station in the back of his police car and interviewed Sjoberg at the police station. Deputy Hawley never told Sjoberg that he was free to leave or that he was not under arrest. And Deputy Hawley never offered Sjoberg breaks from the interview. Moreover, Deputy Hawley confronted Sjoberg with evidence of guilt— the allegations against him—and accused him of lying. The interview was conducted in a room with the door closed, and Deputy Hawley was positioned between Sjoberg and the door.

Given the "differing indications" as to whether Sjoberg was in custody, AEDPA compels us to conclude that the Nevada Court of Appeals reasonably concluded that Sjoberg was not in custody for *Miranda* purposes. *Yarborough*, 541 U.S. at 664–66. Even if the interview became a custodial interrogation at the time the *Miranda* warnings were given, the Nevada Court of Appeals also reasonably determined that Sjoberg had waived his *Miranda* rights.[4] A waiver of *Miranda*

---

[4] The district court erred in determining that Sjoberg's waiver was invalid under *Missouri v. Seibert*, 542 U.S. 600 (2004) (plurality op.). *Seibert*'s prohibition on midstream *Miranda* warnings applies when a defendant is subject to custodial

rights is valid when "made voluntarily, knowingly and intelligently." *Miranda*, 384 U.S. at 444. A defendant's waiver is involuntary when "his will has been overborne and his capacity for self-determination [has been] critically impaired." *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973) (quoting *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961)). "A statement is involuntary if it is 'extracted by any sort of threats or violence, or obtained by any direct or implied promises, however slight, or by the exertion of any improper influence.'" *United States v. Leon Guerrero*, 847 F.2d 1363, 1366 (9th Cir. 1988) (alterations accepted) (quoting *Hutto v. Ross*, 429 U.S. 28, 30 (1976) (per curiam)).

The Nevada Court of Appeals reasonably determined that Sjoberg's will was not overborne based on the following circumstances. Deputy Hawley did not use any physical intimidation, threats, deceit, or improper promises. The interview

---

interrogation before *Miranda* warnings are given. *Id.* at 604 ("This case tests a police protocol *for custodial interrogation* that calls for giving no warnings of the rights to silence and counsel until interrogation has produced a confession." (emphasis added)); *see also id.* at 604–05. *Seibert* is inapplicable because, as discussed above, the state court reasonably determined that Sjoberg was not in custody before Deputy Hawley gave him the *Miranda* warnings.

Sjoberg's reliance on *United States v. Rodriguez*, 518 F.3d 1072 (9th Cir. 2008), to demonstrate that his waiver was invalid, is unpersuasive. *Rodriguez* did not involve AEDPA deference, *id.* at 1075, and in any event, *Rodriguez* is not clearly established law under AEDPA, *see Lockyer*, 538 U.S. at 71–72. Further, unlike the defendant in *Rodriguez*, Sjoberg impliedly waived his rights by acknowledging that he understood his *Miranda* rights and continuing to answer Deputy Hawley's questions (or at least the state court could have reasonably concluded so). *See Berghuis v. Thompkins*, 560 U.S. 370, 384 (2010).

lasted only a little over one hour, and while the overall tone was confrontational, it was not overly aggressive or improperly coercive. Throughout the interview, despite Deputy Hawley accusing him of lying, Sjoberg maintained that his actions were accidental rather than purposeful. Sjoberg also shook Deputy Hawley's hand, patted him on the back, and thanked him at the end of the interview.

The Nevada Court of Appeals also reasonably determined that Sjoberg's waiver was knowing and intelligent. A waiver is knowing and intelligent if it is "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). Deputy Hawley recited the *Miranda* warnings aloud and asked Sjoberg if he understood his rights. Sjoberg nodded in assent and continued to answer Deputy Hawley's questions. As found by the state district court, Sjoberg's hearing and mental impairments did not prevent him from hearing or understanding his *Miranda* rights.[5] Because nothing else in the record suggests that Sjoberg did not understand

---

[5] The state district court made the following findings, which must be presumed correct because there is no clear and convincing evidence to the contrary. *See Miller-El*, 537 U.S. at 340. Sjoberg "does have some degree of hearing impairment," but he "had no trouble hearing or understanding Deputy Hawley at the interview." Sjoberg can "read lips" and his ability to do so "was not restricted in any way during the interview as [he] had a clear and unobstructed view of Deputy Hawley's face throughout the interview." Sjoberg "was clearly able to understand what was being asked [during the interview], even in light of his intellectual disability." The district court erred by ignoring these findings.

his rights, the Nevada Court of Appeals reasonably determined that Sjoberg understood the nature of his rights and the consequences of abandoning them. *See Berghuis v. Thompkins*, 560 U.S. 370, 385 (2010).

In sum, the Nevada Court of Appeals reasonably concluded that counsel did not provide ineffective assistance by not filing a suppression motion that was sure to fail. *See Petrocelli v. Baker*, 869 F.3d 710, 723 (9th Cir. 2017) ("A failure to make a motion to suppress that is unlikely to succeed generally does not constitute ineffective assistance of counsel.").

2. The Nevada Court of Appeals also reasonably determined that Sjoberg failed to show prejudice because there was no reasonable probability that, but for counsel's error, he would not have pleaded guilty and insisted on going to trial. *See Lee v. United States*, 582 U.S. 357, 364–65 (2017).[6]

Based on her investigation, which included interviewing the victim, counsel determined that Sjoberg would likely be convicted on at least Counts 1 to 3 because the victim would likely provide highly credible and compelling testimony and because Sjoberg's defense—that he acted accidentally—was unconvincing. If convicted of those counts, counsel believed that there was a risk of consecutive

---

[6] We reject Sjoberg's argument that we may not assess prejudice, as it conflicts with *Lee*'s instruction that the defendant must "show that he would have been better off going to trial" when, as here, the defendant alleges that an attorney's failure to suppress an improperly obtained confession at the plea stage affected the defendant's decision about going to trial. 582 U.S. at 365.

sentences totaling thirty-six years. *See* Nev. Rev. Stat. § 200.366(3)(b); *id.* § 201.230(2); *id.* § 200.508(1)(b)(1). Under the plea agreement, however, all the charges except Count 2 were to be dismissed and Sjoberg could be paroled after serving ten years. Counsel believed parole was possible because of the likelihood that Sjoberg would be evaluated as unlikely to reoffend and his family support. As counsel testified, even if a suppression motion had been successful, counsel would still have recommended that Sjoberg take the plea given the circumstances. And counsel also noted her legitimate concern that the State could withdraw its plea offer at any time.

The record lacks evidence that Sjoberg would have rejected counsel's advice and insisted on going to trial. At his plea hearing, he told the court that he was confident in counsel's ability to represent him. Nor is there any contemporaneous evidence that Sjoberg believed that suppressing his interview with Deputy Hawley was crucial to his defense or that his ability to effectively rebut the victim's compelling testimony turned on the suppression of his interview.[7] Rather, the record

---

[7] The district court improperly credited Sjoberg's after-the-fact, unsupported statement in his motion to withdraw his plea that "the motion to suppress was the crux of the entire guilty plea agreement." *See Lee*, 582 U.S. at 369 ("Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences."). The district court also incorrectly determined that Sjoberg's plea under *North Carolina v. Alford*, 400 U.S. 25 (1970), in which he did not admit guilt, supported that he would have gone to trial. That Sjoberg did not admit guilt says

shows that the victim's testimony would have been damning, regardless of Sjoberg's statements to Deputy Hawley. *See Lee*, 582 U.S. at 367 ("Where a defendant has no plausible chance of an acquittal at trial, it is highly likely that he will accept a plea if the Government offers one."). Thus, the Nevada Court of Appeals reasonably determined that Sjoberg failed to demonstrate prejudice because he failed to show that he would have insisted on going to trial even if his statements had been suppressed.

**REVERSED.**

---

little about whether he would have insisted on going to trial considering the victim's compelling testimony and his weak defense.